JAMES E. MARCUM ET AL., PARTNERS, APPELLANTS,
*v.* LEW COLEMAN ET AL., RESPONDENTS.

PLEADING — *Chattel mortgage — Rights under same.* — The complaint alleged that the plaintiffs, by virtue of a certain chattel mortgage, were entitled to the immediate possession of certain chattels, and that the defendants, at the instance of certain creditors of the mortgagor, wrongfully seized and levied upon said chattels. It was demurred to on three grounds: *First,* that the affidavit to the chattel mortgage was defective; *second,* that there was no allegation that the mortgage had been filed in the proper county; *third,* that there was no allegation that the mortgage was still unpaid. *Held,* that while no opinion was to be expressed as to the first and second grounds of demurrer, the mortgage, if void at all, was so only as to attaching or execution creditors and purchasers; and that so far as the complaint showed, the defendants being mere trespassers against them, it was unnecessary for plaintiffs to show either a delivery of the chattels, or a constructive delivery by a chattel mortgage drawn and filed according to law; also, that the complaint showed that the mortgage debt was not due when it was filed, and that therefore an allegation of non-payment was unnecessary.

SAME — *Justification of levy.* — *Held,* in order to justify the taking of property by a creditor, that he must show his interest and a lawful right to the same, either by an attachment properly issued, or by an execution based upon a valid judgment. (*Ford* v. *McMaster,* 6 Mont. 240, cited.)

*Appeal from the District Court, Deer Lodge County.*

STATEMENT.

An action in claim and delivery was brought by the plaintiffs against the defendants for the possession of certain horses, seized by the latter, under an execution in a suit of creditors against a mortgagor, who had executed a mortgage on the same to the plaintiffs. An affidavit and undertaking having been filed, the said horses were turned over to the plaintiffs by the coroner of the county, acting as sheriff. The complaint set forth a cause of action in the following language: —

"The plaintiffs complain and allege: *First.* That on the ninth day of February, 1888, the plaintiffs were, by virtue of the chattel mortgage, which was upon the day of the date thereof

made, executed, and delivered by the mortgagor, Samuel Ward, to the plaintiffs, a true copy of which is hereto attached, and marked 'Exhibit A,' and made a part hereof, the mortgagees, according to the tenor and effect thereof, of the following described personal property, goods, and chattels, viz.: [Here a description of the horses was inserted.] That the value of said property is fifteen hundred dollars. *Second.* That all the foregoing described property is a part of the property described in the foregoing mortgage, and thereby mortgaged to the said plaintiffs. *Third.* That one of the conditions of the foregoing mortgage was as follows, viz.: 'That if prior to the maturity of the indebtedness, secured by the said mortgage, the property thereby mortgaged, or any part thereof, should be attached, seized, or levied upon by or at the instance of any creditor or creditors of the mortgagor, Samuel Ward, that then and in that case, the plaintiffs, being the mortgagees in the said mortgage, should have the right to the immediate possession of said property, or any part thereof, and to take and recover the possession thereof, or any part thereof, from any person having or claiming the possession thereof, or any part thereof.' *Fourth.* That on the ninth day of February, A. D. 1888, and prior to the maturity of the indebtness, secured by the said mortgage, the defendants, at the instance of John A. Featherman and Robert M. Ferguson, who were the creditors of the said Samuel Ward, without the consent of plaintiffs, and wrongfully, seized and levied upon the foregoing described property, and took the same into their possession. *Fifth.* That before the commencement of this action, to wit, on the thirteenth day of February, A. D. 1888, the plaintiffs demanded from the defendants the possession of the foregoing described property, who refused and still continue to refuse to deliver possession thereof to the plaintiffs. *Sixth.* That said defendants still, unlawfully and without plaintiffs' consent and against their will, withhold and detain the foregoing described property from the possession of the plaintiffs, to their damage in the sum of five hundred dollars."

A copy of the chattel mortgage, which was in the usual form of such instruments under the statute of the Twelfth Legislative Session of 1881, was attached to the complaint and marked "Exhibit A." The affidavit to said mortgage was as follows:—

"TERRITORY OF MONTANA,  ⎱ ss.
   COUNTY OF DEER LODGE.  ⎰

"Samuel Ward and Marcum and Lennon, the parties to the foregoing chattel mortgage, being severally duly sworn, each for himself, says: That the said chattel mortgage is made in good faith to secure the amount named therein, and without any design to hinder or delay the creditors of the said mortgagor.

(Signed)                    "SAMUEL WARD.

                            "MARCUM & LENNON.

"Subscribed and sworn to before me this twelfth day of September, A. D. 1887.

                    "T. B. MANNIX, Justice of the Peace."

A demurrer, interposed to the complaint by the defendants, was sustained, and the plaintiffs refusing to amend, allowed judgment to be taken against them, and appealed.

*William J. Galbraith*, for Appellants.

The mortgage in this case was made to the partnership, "Marcum and Lennon," and not to the individuals constituting the partnership, as in the case of *Butte Hardware Co.* v. *Sullivan*, 7 Mont. 307; and the affidavit was made by "Marcum and Lennon" in the partnership name. This shows a technical compliance with the statute; the partnership being the mortgagee, and the affidavit being made by it and the mortgagor, the affidavit is made by all the parties to the mortgage. (*Randall* v. *Baker*, 20 N. H. 335; Comp. Stats. div. 5, p. 1068, § 1538.) The affidavit does not admit of extrinsic proof. The court must presume that some person or persons appeared and made the affidavit, and where a presumption must be made, that should be the presumption which will sustain the mortgage, against which there is no other objection, rather than a presumption which will destroy it. (*Randall* v. *Baker*, *supra*; *Leopold* v. *Silverman*, 7 Mont. 266; *Butte Hardware Co.* v. *Sullivan*, 7 Mont. 307; *Baker* v. *Power*, 7 Mont. 326; *Sumner* v. *Dalton*, 58 N. H. 295; Jones on Chattel Mortgages, § 37, notes 1, 2; *Gaddis* v. *Durashy*, 13 N. J. L. 324.) It is claimed that because there is no formal allegation of partnership in the complaint, the above argument does not apply; but if the court

should be of the opinion that no partnership is alleged, this leaves the respondent in no better position. If not a partnership, the appellants are joint mortgagees, and in the position, so far as this case is concerned, of joint owners. The magistrate certifies that Marcum and Lennon made the affidavit. What Marcum and Lennon? Certainly the Marcum and Lennon who filed the complaint which bases their cause of action solely upon the mortgage. The affidavit to the mortgage need not be signed by the party making it; and where the magistrate makes such a certificate the presumption must be that both the parties appeared and made the affidavit. (*Ede* v. *Johnson,* 15 Cal. 53.)

*Thomas L. Napton,* for Respondents.

We contend that there is no affidavit to the chattel mortgage, the basis of plaintiffs' title, for the reason that there is no affidavit as required by section 1538, page 1068, Compiled Statutes of Montana. (See same cases cited by appellants decided by this court; also, *Crane* v. *Chandler,* 5 Colo. 21; *Gassner* v. *Patterson,* 23 Cal. 299; *Dufficy* v. *Shields,* 63 Cal. 332; *Porter* v. *Demont,* 35 Ill. 478; *McDowell* v. *Stewart,* 83 Ill. 538; *Nesbit* v. *Worts,* 37 Ohio St. 378; *Stewart* v. *Platt,* 101 U. S. 737, 738.) The following is given as a correct definition of an affidavit in the American and English Encyclopedia of Law, volume 1, page 310: "A false affidavit makes the affiant liable for a prosecution for perjury; and therefore *no affidavit* is *valid* unless it be such as to support an *indictment,* if false, i. e., unless it is *certain, both as to form* and *substance.*" If, as appellant claims, the mortgagee is one party and the mortgagor another party, the statute would have used the word "both" instead of "all" and the word "either" instead of "any." M. & L. must swear as individuals, and not as a firm. Can you convict a *firm* or corporation of perjury? The complaint does not state a cause of action in many other respects, among others as follows: There is no allegation showing compliance with section 1540, page 1069, Compiled Statutes, Montana, i. e., that the instrument was recorded where the mortgagor resided, etc.

BACH, J.—This is an appeal from a judgment which was entered upon an order sustaining a demurrer to the complaint.

The complaint sets out that the plaintiffs, by virtue of a certain chattel mortgage, are entitled to the immediate possession of the chattels mentioned in the complaint; that the defendants have, at the instance of certain creditors of the mortgagor, wrongfully seized and levied upon said chattels. The demurrer is based upon, *first,* what is claimed to be a defective affidavit to the mortgage; *second,* that the complaint does not allege that the mortgage was filed in the proper county; and, *third,* that the complaint does not show that the mortgage is still unpaid.

As to the first and second grounds we express no opinion. The mortgage, if void at all, would be void only as to attaching or execution creditors and purchasers; as between the mortgagor and mortgagee, and as between the parties to a chattel mortgage and third parties having no rights against the mortgagor, neither a delivery of the goods nor a filing of a properly drawn mortgage is necessary. In order to justify the taking by a creditor, he must show his interest and a lawful right against the property, either by an attachment properly issued, or by an execution based upon a valid judgment. And the defendants herein, basing their action upon the rights of certain creditors, must show all that those creditors would have been obliged to show.

In *Ford* v. *McMaster,* 6 Mont. 240, it was held that the sheriff, in order to justify the taking of the property of A by virtue of an execution against property of B, on the ground that the conveyance from B to A was fraudulent as to creditors, must show not only the execution, but a valid judgment as well. As far as the complaint shows, the defendants are mere trespassers; and as against such parties, the plaintiff is not obliged to show either an actual delivery of the chattels to himself, or a constructive delivery by a chattel mortgage drawn and filed in strict compliance with the law. As to the third ground of demurrer; the complaint shows that the mortgage debt was not due when the complaint was filed, and it was not necessary for plaintiff to allege non-payment under such circumstances. The judgment is reversed.

*Judgment reversed.*

McCONNELL, C. J., and LIDDELL, J., concur.