### JOHN M. BURTON v. A. E. RANDALL.
#### No. 107.

1. CHATTEL MORTGAGE—*Disposition of Property — Conversion.* If a mortgagee in possession of mortgaged personal property disposes of the same in denial of the title and interest of the mortgagor, or in any way which is inconsistent with his rights, the mortgagor may treat such disposal as a conversion.

2. —————— *Conversion by Mortgagee—Tender of Debt Unnecessary.* When a mortgagee wrongfully converts mortgaged personal property to his own use, and the value of the property converted exceeds the amount of the debt secured thereby, it is not necessary for the mortgagor to pay or tender payment of the debt before he commences an action for such conversion.

3. —————— *Measure of Recovery.* In such case, the measure of the plaintiff's recovery is the reasonable value of the property, less the amount of the debt secured thereby.

4. —————— *Evidence Insufficient.* The evidence examined, and found not sufficient to sustain the verdict.

MEMORANDUM.—Error from Rawlins district court; A. C. T. GEIGER, judge. Action by A. E. Randall

38—4 KAN. APP.

against John M. Burton for an alleged conversion of a stock of goods. Judgment for plaintiff. Defendant brings the case to this court. Reversed. The opinion herein, filed October 9, 1896, states the material facts.

*Dempster Scott, A. H. Ellis*, and *F. T. Burnham*, for plaintiff in error ; *Valentine, Godard & Valentine,* of counsel.

*Bertram & McElroy,* and *R. S. Hendricks,* for defendant in error.

The opinion of the court was delivered by

.GARVER,. J. : This was an action brought by Mrs. A. E. Randall against John M. Burton to recover the value of a stock of goods and merchandise alleged to have been wrongfully converted by the defendant to his own use. The property was of the alleged value of $2,700. The material .facts are : On April 23, 1891, Mrs. Randall executed a chattel mortgage on the goods in question in favor of Burton to secure the payment of the sum of $200 and interest, borrowed from the latter on that date. The goods consisted of a stock which had been a short time previously purchased from one S. T. Smith, at Republican City, Neb., and shipped to Atwood, in this state, where it was stored, packed in boxes, at the time the mortgage was given. Some time in May, 1891, S. T. Smith, claiming ownership, commenced an action of replevin in Rawlins county against John M. Burton, and, by a writ of replevin issued therein, secured possession of the goods. On May 26, 1891, the replevin action was dismissed by agreement of the parties thereto, Smith retaining possession of the goods, and removing them to Nebraska. Before consenting to the dismissal of the action and the retention of the goods by

Smith, Burton received from the former the amount of the Randall loan, and assigned to Smith his mortgage on the goods, but retained the note which was given for the $200 and interest. At this time Mrs. Randall was absent in Arkansas.

It does not appear that Mrs. Randall was given an opportunity to defend her right to the goods against the claim of Smith in the replevin action; neither does it appear in this case what, if any, rights, as against her, Smith had. It is contended on the part of the defendant in error, that when Burton took possession of the goods in question under his mortgage he was bound to hold them with a recognition of the mortgagor as owner; that he could only dispose of them so far as might be necessary for the payment of the debt secured thereby; and that the disposition made of them constituted a conversion. This contention is apparently not seriously disputed by counsel for plaintiff in error, their defense being based upon other grounds.

A mortgagee in possession of mortgaged property has well-defined rights. The property is in his possession for a specific purpose, and its use or disposition must be with particular reference to the purpose for which it is held. Hence, any sale or disposal of mortgaged property in denial of the title or interest of the mortgagor therein, or inconsistent with his rights, may be regarded as a conversion. The mortgagee in this case could not, without laying himself liable as for a conversion, voluntarily surrender possession to one not entitled thereto as against his mortgagor. Hence the proceedings instituted by Smith, whereby he obtained possession, and to which Burton voluntarily submitted, are no defense in this case, unless it is made to appear that his claimed ownership was

well founded, and that he was in fact the real owner and entitled to the possession of the property. (*Greenawalt v. Wilson*, 52 Kan. 109; *Storage Co. v. Rogers*, 35 Neb. 61; *Hicks v. Lyle*, 46 Mich. 488; *Gibbons v. Farwell*, 63 id. 344; *Ashmead v. Kellogg*, 23 Conn. 70; *Ripley v. Dolbier*, 18 Me. 282; *Norton v. Kidder*, 54 id. 189; *White v. Phelps*, 12 N. H. 382.)

It is urged by counsel for plaintiff in error that this action cannot be maintained without proof of a previous tender of payment of the mortgage debt. With this contention we do not agree. Where the property is, as conceded in this case, greatly in excess of the amount of the debt secured by the mortgage thereon, no tender of payment of the debt is necessary before the commencement of an action to recover the value of the goods converted. A tender under such circumstances would be a vain and useless thing when the mortgagee has already in law received full satisfaction of the debt out of the property of the debtor. A tender always presumes the right of the one to whom the tender is made to accept and retain it. Certainly no such right can exist under the facts alleged in this case. (*Wygal v. Bigelow*, 42 Kan. 477; *Stearns v. Marsh*, 4 Denio, 227; *Hallack Manufacturing Co. v. Gray*, 19 Colo. 149; *Iler v. Baker*, 82 Mich. 226.) The amount of the debt, however, is a proper subject for consideration in determining the amount of damages to be recovered, the measure of recovery in such case being the reasonable value of the property less the amount of the debt secured thereby. (*Wygal v. Bigelow*, 42 Kan. 447; *Belden v. Perkins*, 78 Ill. 449; *National Bank v. Boyce*, 78 Ky. 42; *Cushing v. Seymour*, 30 Minn. 301; *Russell v. Butterfield*, 21 Wend. 300.) To entitle the plaintiff in this case to recover substantial damages, it is necessary that competent evidence

be introduced to prove the value of the property converted. The jury returned a verdict in favor of the plaintiff for $2,768.46. On the hearing of the motion for a new trial, at the suggestion of the court, the plaintiff remitted all over $1,500, for which amount judgment was rendered. An examination of the record discloses an entire absence of evidence to prove value.

The only thing having any bearing whatever on that subject is the statement of S. T. Smith, that an invoice of the goods which he had made in Nebraska showed $3,000. There is nothing to indicate the character of the invoice, nor when it was made. On the hearing of the motion for a new trial, evidence was introduced tending very strongly to show that Burton did not have possession of the entire stock of goods which had been invoiced by Smith, and that those alleged to have been converted were of an actual value not exceeding $800. These matters evidently influenced the court to require the verdict to be reduced to $1,500. But this sum, we think, is equally without support from the evidence. There is no competent evidence to justify the judgment rendered; and we cannot avoid the conviction that, upon the facts of the case, as they were more fully shown upon the hearing of the motion for a new trial, great injustice would be done by the affirmance of the judgment.

Objection is made by counsel for defendant in error that the case made does not purport to contain all of the evidence introduced upon the trial. This objection is not well taken; for we find in the record an express statement that it does "contain a true and correct copy of all the testimony of every nature whatsoever introduced on the trial of said cause by either plaintiff or defendant." This certainly is sufficient.

So far as disclosed by the pleadings and the evidence, the action of the plaintiff below was not barred by the statute of limitations.    The conversion was alleged as of May 23, 1891, and the action was commenced May 18, 1893.    The evidence does not show any earlier date when the property may have been converted.

The judgment will be reversed, and the case remanded for a new trial.

All the Judges concurring.