[S. F. No. 1428.    Department Two.—June 7, 1900.]

## LILLIA HAND, Respondent, v. E. SCODELETTI et al., Appellants.

PLEADING—GENERAL DEMURRER—COUNTS OF COMPLAINT.—A general demurrer to a complaint containing more than one count should be overruled, if the complaint contains one good count stating a cause of action.

CONVERSION—ACTION BY WIFE—COUNT NOT ALLEGING MARRIAGE—SEPARATE PROPERTY.—A count of a complaint by a wife for the conversion of goods belonging to her, which does not allege that she is a married woman, need not state that the property converted was plaintiff's separate property; but, if it is made to appear in proof that she is married, her right of recovery must depend upon the fact that such property was her separate property.

ID.—ISSUE AS TO DEMAND—ANSWER DISPENSING WITH PROOF.—Where the answer takes issue upon the averment of demand in the complaint, but proceeds to aver facts showing that a demand, if made, would be unavailing, the averment of demand need not be proved.

ID.—EVIDENCE—SALE TO PLAINTIFF—QUESTION ASSUMING FACT DISPROVED.—Where a witness testified that he had purchased the goods in question at sheriff's sale, and had afterward sold them to the plaintiff, a question on cross-examination assuming a contrary

fact that the goods were handed over to her husband, was properly disallowed as unfair.

ID.—CROSS-EXAMINATION—OFFER OF EVIDENCE—ORDERS OF SUPERIOR COURT—RECORD—MATERIALITY NOT SHOWN.—Evidence offered upon cross-examination of plaintiff's husband relating to orders of the superior court is not shown to be material, where the record does not contain the orders, or show why they have any importance, or that any ruling was made excluding the evidence, but only that objection was sustained to a statement of fact made by counsel which the witness had denied.

ID.—HARMLESS ERROR—ADMISSION OF EVIDENCE UPON COUNT WITHDRAWN FROM JURY.—An objection to evidence improperly overruled is harmless error, where the evidence relates only to a count of the complaint withdrawn from the jury by the instructions of the court, and could not affect the cause of action upon which the verdict was rendered.

ID.—MEASURE OF DAMAGES FOR CONVERSION—VALUE—PRICE.—The measure of damages for the conversion of the plaintiff's goods is their value, not exceeding the price paid by plaintiff for them.

ID.—INDEBTEDNESS NOT PART OF PRICE—INSTRUCTIONS—VERDICT FOR PRICE. Where no evidence appears in the record to show that a previously existing indebtedness of the plaintiff to the vendor of the goods was included in the purchase money, and it does not appear that defendant requested any instruction that such indebtedness must be deducted from the price, and the jury were properly instructed as to the measure of damages, a verdict for the full price of the goods will not be disturbed.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a new trial. John Hunt, Judge.

The facts are stated in the opinion of the court.

James A. Devoto, Devoto & De Martini, for E. Scodeletti, Appellant.

Reddy, Campbell & Metson, for R. I. Whelan, Appellant.

Naphtaly, Freidenrich & Ackerman, for Respondent.

TEMPLE, J.—This action is for the wrongful conversion of goods which plaintiff alleges composed the stock of plaintiff in a merchant tailoring business.

The complaint contains two counts or causes of action. The first is the usual complaint for conversion. In the second it is averred, in substance, that in May, 1896, plaintiff was carrying

on the business of a merchant tailor in order that her family, consisting of her husband and six children, might be supported, and that while she was so conducting said business the defendants wrongfully entered into her store, took possession of her stock of goods, drove her agent from the store and closed the same, "whereby, and by reason whereof, plaintiff has been deprived of conducting her said business and the means of earning a livelihood for the support of herself and family, to her damage in the special sum of five hundred dollars."

A general demurrer was interposed to the complaint for want of facts, which was properly overruled, as there can be no doubt that the first count does state a cause of action. It was not necessary to aver in that count that the property was plaintiff's separate property, for in that count it does not appear that plaintiff was a married woman.

The plaintiff was not required to prove that she made demand for the return of the goods before bringing her suit. The answer, although denying that demand was made, sets up affirmative matters which show that demand, if made, would have been unavailing.

Appellant contends that the court erred in refusing to allow him to ask on cross-examination plaintiff's witness, Bine, the following question: "How long after you purchased the goods were they handed over to Mr. Hand?" The objection was that the question assumes the fact not proven. The witness purchased the goods, of which conversion was charged, at sheriff's sale, and afterward sold them to plaintiff. He had not testified that he had ever handed them over to Mr. Hand, but to the contrary. The question therefore assumes an important and disputed fact of which there was no evidence, and the existence of which the witness denied. The question, therefore, assuming that the witness admitted as a fact what he denied, was unfair and improper.

Plaintiff's husband was also a witness for her, and on cross-examination was asked: "Did you pay three hundred dollars you owed the city and county of San Francisco by virtue of these orders?" On objection the question was excluded. Counsel for defendant then said: "I will make the offer more certain. I offer in evidence the orders of the superior court in

the case of *Scodeletti v. Hand*, adjudging the defendant guilty of contempt, to show that the orders were made at or about the time that defendant closed up his tailoring establishment on Kearny street and went to Europe."

Mr. Naphtaly.—"I object to such statement; he has denied that."

The objection was sustained and nothing further appears in the record in regard to the matter. We know nothing in regard to the orders or why they should have any importance in this case. Besides, the record does not show that the question was objected to or excluded, but only that when a statement in the presence of the jury was objected to counsel dropped the matter.

Complaint was made that counsel for plaintiff was permitted to ask her, when testifying: "When did you first find out that you and your husband were penniless?" The objection should have been sustained. The damage under the first cause of action, if any, was the value of the property with interest. To get the property back plaintiff paid Bine five hundred and seventy-five dollars, and the court instructed the jury that the verdict could not exceed that sum, and the verdict was for that precise amount. The instruction took from the jury the claim for damages on the second cause of action. We need not decide whether a cause of action was stated in that count. The improper question could not affect the cause of action in the first count. Whether plaintiff was entitled to recover in the action depended altogether upon whether the property taken under the execution belonged to her as her separate property or was community property. The amount of damages, if plaintiff recovered, was the value of the goods up to five hundred and seventy-five dollars, for which plaintiff got them all back again.

Defendant further contends that the amount of five hundred and seventy-five dollars, to which the verdict was limited, included three hundred and sixty-five dollars which plaintiff owed Bine before the repurchase, and that such sum should have been deducted, and the court erred in not so instructing the jury at the request of defendant.

It does not appear that the previously existing debt was included in the alleged purchase price; nor does the record show that defendant requested any such instruction. The court did not instruct the jury to return a verdict for five hundred and seventy-five dollars; but, in effect, that if they found a verdict for plaintiff the damages would be the value of the goods, but not to exceed five hundred and seventy-five dollars, even though the property was worth more than that.

The order is affirmed.

McFarland, J., and Henshaw, J., concurred.