MARSEILLES MANUFACTURING COMPANY V. A. D. PERRY.

FILED OCTOBER 16, 1901.   No. 10,269.

Commissioner's opinion, Department No. 2.

1. **Mortgagor: WAIVER.** A mortgagor of chattels can waive the benefit of the provisions of the statute relating to foreclosures.

2. **Rights and Obligations of a Mortgagee of Chattels.** The provisions of a chattel mortgage that the mortgagee may, upon default, take the property and sell the same at public or private sale are valid, but under such provision the mortgagee has no right to the possession of the property except for the purpose of foreclosure; and if he takes the property and holds the same longer than is reasonably necessary for that purpose, he will be held to have elected to take the property, so far as its value will go, in satisfaction of his claim, and if the value is greater than the amount of his claim, he holds the surplus for the mortgagor.

ERROR from the district court for Clay county. Tried below before HASTINGS, J.  *Affirmed.*

*William M. Clark,* for plaintiff in error.

*J. L. Epperson & Sons, contra.*

SEDGWICK, C.

This action was tried in the district court of Clay county on appeal from a justice of the peace. It resulted in a verdict and judgment for the defendants, and the plaintiff below has brought the case here for review upon petition in error.

The action was to recover the balance due upon promissory notes. The notes had been secured by a chattel mortgage, which, in addition to the ordinary provisions, provided that upon default the mortgagee might take possession of the property "and remove and sell the same, at either public or private sale, at their option, without notice, and out of the proceeds of said sale, retain the amount due on said notes." The plaintiffs allege that there was default, and "that on the 21st day of August, 1896, they, by its agents, sold the said machine for the sum of $100 to one E. E. Stone, and now give him credit as of that date, on the said notes so given by the defendants; * * * that on the 28th day of March, A. D. 1898, there will be due and unpaid the sum of $111.55 from the defendants," —and ask judgment for this balance. It appears that no service was had upon the defendant Miles, and the defendant Perry answered, admitting the notes and mortgage alleged in the petition, and alleged that the plaintiff on or about the 15th day of February, 1894, took possession of the mortgaged property, but did not advertise the same for sale, and did not sell the same at public auction as required by law, but converted the same to its own use, and that the property on that date was of the value of $235, and that the amount due on the note at that date was $160, and that the plaintiff unlawfully retained possession of said property and permitted the same to stand without shelter, whereby the same was damaged by rusting and warping, until about August 21, 1896, when the plaintiff sold the same at private sale illegally, and without authority from this defendant, and that the plaintiff did not take, hold and sell said property in good faith

and to the best advantage to this defendant and failed to account to the defendant for the value of the property from the time it took possession of the same. The reply was a general denial.

The first question presented is upon the sufficiency of the answer. The court admitted evidence under the allegations of the answer, and the plaintiff insists that this was error. We think that the answer is sufficient. The mortgagor of chattels can waive the benefit of the provisions of the statute relating to foreclosures. *Lexington Bank v. Wirges,* 52 Nebr., 649. There is no doubt of the mortgagee's right, under the mortgage, to take possession of the mortgaged property upon default, and to foreclose the mortgage by selling the property at private sale. In making such sale he must obtain a fair price for the property. Under the terms of this mortgage plaintiff had no right to the possession of the property, except for the purpose of foreclosure, and must proceed with his foreclosure without unreasonable delay. *Murray v. Loushman,* 47 Nebr., 256; Jones, Chattel Mortgages [3d ed.], 773. The objection was rightly overruled.

The objection that the evidence is insufficient to support the verdict is without merit. The evidence was somewhat conflicting, but there is no such failure of evidence as to require a reversal upon that ground.

The plaintiff offered to prove that "Plaintiff made various attempts to sell the machine to various parties, but could not obtain any purchaser for the same, and that plaintiff sold the machine for $100 to one E. E. Stone, at its real value, August 21st, 1896." It is manifest that this offer was properly overruled, for two reasons: There were no allegations in plaintiff's pleadings to support such evidence; and it was wholly immaterial to the issues being tried, since the plaintiff, by taking the property and holding it for more than two years, must be held to have elected to take the property, so far as its value would go, in satisfaction of his claim, and if the value was greater than the amount of his claim, he would hold the balance for the mortgagor.

There is argument in the brief as to partnership between the two men who bought the machine and gave the mortgage in question, but we do not see that the question of partnership is in any way involved.

We recommend, therefore, that the judgment of the district court be affirmed.

OLDHAM and POUND, CC., concur.

By the Court: For the reasons stated in the foregoing opinion the judgment of the district court is

AFFIRMED.