(May 23, 1903.)

## MARCHAND v. RONAGHAN.

[72 Pac. 731.]

CHATTEL MORTGAGE—AFFIDAVIT OF GOOD FAITH—CONVERSION OF MORT-
    GAGED PROPERTY—EVIDENCE EXAMINED.

   1.   Failure to accompany a chattel mortgage with affidavit that it "was made in good faith and without any design to hinder, delay or defraud creditors," as provided in section 3386, Revised Statutes, does not invalidate mortgage as between mortgagor and mortgagee.

   2. Whenever the mortgagee takes possession of and sells any of the property covered by his mortgage in any other manner than that provided by statute, he is guilty of conversion and becomes liable to the mortgagor the same as anyone else who converts property to his own use.

   3. Evidence examined and held not sufficient to support the finding as to the amount still due on mortgage indebtedness.

                    (Syllabus by the court.)

APPEAL from District Court, Nez Perce County. Honorable C. L. McDonald, Judge pro tem.

Suit by L. E. Marchand to foreclose a chattel mortgage; defendant answered and filed counterclaim, and prayed for affirmative relief. Judgment and decree of foreclosure entered in favor of plaintiff. Defendant moved for a new trial and from the judgment and order denying his motion, appeals. Reversed.

George W. Tannahill, for Appellant, cites no authorities on the points decided not contained in the opinion.

McFarland & McFarland, for Respondent, cite no authorities.

AILSHIE, J.—The respondent, who was plaintiff in the lower court, instituted this suit to foreclose a chattel mortgage executed by the defendant and appellant herein upon the saws, engine, boiler, tools and equipments of a sawmill, together with a large amount of lumber in the yard, all of which was situated near Fletcher in Nez Perce county. Defendant answered denying the validity of the mortgage and set up counterclaims far in excess of the amount covered by plaintiff's mortgage. The cause was tried before Honorable C. L. McDonald, judge *pro tem,* and findings of fact, conclusions of law, and decree were made and entered in favor of the plaintiff. Defendant moved for a new trial and his motion was denied, and thereupon he appealed from the judgment and from the order refusing him a new trial. At the hearing in this court and upon the motion of respondent the appeal from the judgment was dismissed for the reason that said appeal had not been taken within one year after the rendition of judgment as provided in subdivision 1 of section 4807, Revised Statutes. Thereupon the arguments were made upon the appeal from the order denying motion for a new trial, and it is upon this appeal only that the cause is now before us.

The chattel mortgage introduced in evidence by plaintiff was not accompanied by an affidavit to the effect that it "was made in good faith and without any design to hinder, delay or defraud creditors," as provided in section 3386, Revised Statutes, and amendments thereto. Appellant contends that the instrument was not a mortgage without this affidavit, and that

the court erred in admitting it. This contention is without merit. The statute only makes the mortgage "void as against creditors of the mortgagor and subsequent purchasers and encumbrancers of the property in good faith and for value," in case of failure to accompany it with an affidavit. Such failure cannot in any way prejudice the mortgagor and he should not be heard to complain. (*Chase v. Tacoma Box Co.,* 11 Wash. 377, 39 Pac. 639; *Marcum v. Coleman,* 8 Mont. 196, 19 Pac. 394; *Reynolds v. Fitzpatrick,* 23 Mont. 52, 57 Pac. 452; *Darland v. Levins,* 1 Wash. 582, 20 Pac. 309; Pingrey on Chattel Mortgages, sec. 69.)

The mortgage failed to state where the property described therein was situated at the time of its execution, and plaintiff alleged in his complaint that it was omitted by mutual mistake and asked to reform the instrument so as to state where the property was situated. The court admitted evidence to show this fact and appellant complains of such ruling of the court. It was proper for the plaintiff to prove where the property was located and identify it as the property mortgaged. It could in no way injure the mortgagor. The strictness of the rules applied to chattel mortgages where disputes arise between the mortgagee and attaching creditors and subsequent encumbrancers and purchasers in good faith is never applied where the differences arise between mortgagor and mortgagee; and the courts will not look with favor upon the efforts of a mortgagor to defeat the security given his creditors upon such flimsy pretexts.

The principal contention of appellant is that the evidence is insufficient to support the findings and decree and particularly that part of the third finding which is as follows: "That there has been paid by defendant upon said chattel mortgage and promissory note the sum of $1,201.57, and no more, and that there now remains due and owing from said defendant to said plaintiff upon said promissory note and chattel mortgage, after deducting from the said promissory note said sum, paid as aforesaid, the sum of $798.43." It appears from the evidence that soon after the execution of this mortgage, Ronaghan moved his mill some miles to a new location and that a man

named Treadwell was left in charge of the lumber. Ronaghan says Marchand employed Treadwell, and Marchand says Ronaghan employed him; while Treadwell himself says both parties talked with him about looking after the lumber. What further appears, however, makes this dispute immaterial. Soon after Treadwell took charge of this lumber Marchand began giving him instructions concerning the sale and disposition of the money arising from the sales. Treadwell followed these instructions and refused to recognize Ronaghan as the owner of the lumber or as having any rights therein, and dishonored his orders for lumber from time to time. It appears that Treadwell peddled out the lumber promiscuously to Marchand, and upon his (Marchand's) orders, and turned the money received from sales where they were not on credit, over to the plaintiff. Prior to the trial of this cause Treadwell delivered to plaintiff the receipt-books signed by teamsters and the various parties who had received lumber from the yard during the Marchand-Treadwell régime which show that Marchand individually had received lumber to the value of $79.42, and various other persons to the value of $1,442.99. At the time of the trial there still remained at the yard and in the custody of Marchand and Treadwell, lumber of the value of $163.51. This evidence is undisputed and clearly shows a conversion of mortgaged property by the mortgagee to the value of $1,685.92. Plaintiff admits assuming control over the lumber and that he instructed Treadwell not to allow defendant to take any of the lumber or have anything to do with it.

The mortgagee cannot lawfully seize any of the mortgaged property except under the methods provided by statute for the foreclosure of chattel mortgages. It was so held by this court in *Rein v. Callaway,* 7 Idaho, 634, 65 Pac. 63. When he takes possession of and sells any of the property in any other manner than that pointed out by statute he is guilty of conversion, and becomes liable to the mortgagor the same as anyone else who converts property to his own use. (*Burton v. Randall,* 4 Kan. App. 593, 46 Pac. 326; Herman on Chattel Mortgages, sec. 198.)

Sometime after Marchand had taken charge of the lumber and the mortgagor and mortgagee were having some dispute about

the matter, it was agreed between them that the lumber should be sold, and out of every $3 receipts from sales, seventy-five cents should be paid Ronaghan and $2.25 to Marchand, presumably to apply on the mortgage indebtedness, but this agreement was never complied with by Marchand. Some of this lumber was sold on credit by Treadwell and Marchand, and the learned judge *pro tem* has evidently held the plaintiff not liable therefor. If the mortgagee takes charge of his security and sells it other than by process of law, he does so at his own peril, and must account for the value thereof whether he receives cash, or the mere promise of the purchaser therefor, or nothing at all. There is a further item of $131.75 testified to by defendant and not disputed. In 1901, defendant had his mill near Winchester in Nez Perce county, and he says that plaintiff introduced to him a man named Swanson and requested that defendant let Swanson have lumber, and stated that he (Marchand) would credit the amount on the note and mortgage. Swanson received lumber to the amount of $131.75, but Ronaghan received no credit for it. There is no conflict in the evidence as to these items and they should have been allowed. It clearly appears from undisputed evidence in this case that the defendant is entitled to a much greater credit than was allowed him by the findings and judgment of the trial court.

Defendant claims that he should have other credits on account of collections turned over to plaintiff by him. Concerning these there is some conflict in the evidence and we could not interfere with the trial court's conclusions thereon. A new trial will have to be granted and the parties can then be heard upon those matters.

Several errors are assigned upon the rulings of the court, in admitting certain evidence and rejecting other evidence offered. The absence of the book of original entries should have been accounted for before admitting the memorandum from which plaintiff testified and which he said was copied from the book. The entries as originally made are the best evidence. Often an examination of the original entry will convey a very different meaning from that obtained from an examination of a copy made for the occasion.

We find the other rulings of the court correct.

The order appealed from is reversed and cause remanded for a new trial. Costs awarded to appellant.

Sullivan, C. J., and Stockslager, J., concur.