## J. JANKOWITZ v. B. KAPLAN AND·ANOTHER.[1]

December 7, 1917.

No. 20,598.

**Chattel mortgage — failure to serve notice of sale on person in possession.**

1. The failure to serve a copy of the notice of sale in proceedings to foreclose a chattel mortgage upon the person in the actual possession of the mortgaged property, as required by G. S. 1913, § 6974, renders the proceedings invalid.

**Same — objection open to mortgagor.**

2. The objection to the failure to make such service is open to the mortgagor, though he may have sold the property prior to the date of the foreclosure proceedings.

**Same — set-off.**

3. The mortgagee purchased the property at the foreclosure and thereafter sold a part thereof to a third person, receiving therefor an amount in excess of the mortgage debt. It is *held* that such sale was a conversion of the property, since the foreclosure was void, and in an action to recover a balance due on the mortgage debt the mortgagor may interpose the amount so received as a set-off.

**Same — proof of value unnecessary.**

4. It is not necessary in such case to prove the value of the property. Powell v. Gagnon, 52 Minn. 232, distinguished.

Action in the municipal court of Minneapolis to recover $394.69 upon 10 promissory notes. The opinion states the facts. The case was tried before Charles L. Smith, J., who made findings and ordered judgment in favor of defendant Kaplan. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Robert M. Works,* for appellant.

*W. B. McIntyre,* for respondent.

BROWN, C. J.

This action was brought in the municipal court of Minneapolis to re-

[1]Reported in 165 N. W. 275.

cover upon 10 promissory notes, amounting in the aggregate to the sum of $400. Defendant had judgment and plaintiff appealed from an order denying a new trial.

The defense to the action was that the payment of the notes was secured by a chattel mortgage upon certain personal property, for which the notes were given by defendants as a part of the purchase price; that prior to the commencement of the action plaintiff under the authority of the mortgage and in proceedings to foreclose the same, which were defective and void, took possession of the mortgaged property, of the alleged value of $1,600, and thereafter wrongfully converted it to his own use. Plaintiff's reply to the answer was a general denial. The trial court found the facts in favor of the defense and ordered judgment accordingly.

The evidence shows without dispute that the notes were in fact secured by a chattel mortgage; that plaintiff some time in April, 1915, attempted to foreclose the mortgage, and to that end took possession of the property, and at the sale in the foreclosure proceedings became the purchaser of all of the property for the sum of $150, that being the highest and best bid offered. It further appears that subsequent to the foreclosure plaintiff sold a part of the property to a third person for the consideration of $500; and he still retains in his possession the remainder thereof.

Whether plaintiff converted the property to his own use by the sale just mentioned depends upon the question whether the foreclosure was valid or invalid. If invalid the conversion is clear. But if valid, there is an end of the case and plaintiff should prevail, for defendants in that event would be in no position to complain that the property did not bring enough to pay the mortgage debt, or to complain of the subsequent sale by plaintiff of a part of the property.

1. It appears that after defendants became the owners of the property in January, 1914, by various subsequent sales and transfers it came into the possession of one B. Rodner, who at the time of the foreclosure was in the undisputed possession of the property, using the same for the purposes for which it was adapted. The property made up the equipment of a steam laundry and Rodner was operating the laundry at the time the property was taken in the foreclosure proceedings. No notice of the

foreclosure was served upon him, and herein is the defect which the trial court held to invalidate the foreclosure. Upon the record here presented we are clear that the trial court was right in that conclusion.

We have heretofore held that the statute authorizing the foreclosure of chattel mortgages must be strictly complied with. Powell v. Hardy, 89 Minn. 229, 94 N. W. 682. In that case the notice of foreclosure was served upon the mortgagors, as in the case at bar, but there was a failure to post the same in three public places, as required by the statutes. The foreclosure was held invalid. The rule controlling that decision was that which has uniformly been applied to proceedings in foreclosure of real estate mortgages. Casey v. McIntyre, 45 Minn. 526, 48 N. W. 402. In the case at bar the defect is the failure to serve the notice upon the person in possession of the mortgaged property, as required by G. S. 1913, § 6974. For the reasons stated in the Powell case, this defect renders the foreclosure invalid. Whitehead v. Coyle, 1 Ind. App. 450, 27 N. E. 716; Bendel v. Crystal Ice Co. 82 Cal. 199, 22 Pac. 1112.

But plaintiff contends that Rodner was not the owner of the property, but was holding possession for the real owner, one Adlin, upon whom notice was in fact served. The point is not sustained. The precise relation of Rodner to the property is not made clear by the evidence. There were no specific findings upon the question, nor did plaintiff request findings thereon. But the court did find that Rodner was in the possession of the property and engaged in running and operating the laundry when it was taken in the foreclosure proceeding. This finding clearly brings the case within the statute requiring the service of notice upon the one in possession of the mortgaged property. The evidence is far from conclusive that Rodner was holding the property for Adlin, and if plaintiff believed such to be the fact he should have requested a finding thereon. 3 Dunnell, Minn. Dig. §§ 9865-9866.

The further point that since defendants were notified of the sale they are in no position to challenge the foreclosure for the failure to notify Rodner is not sustained. The statute intends that all persons interested in the property shall be informed of the foreclosure, to the end that the rights of all may be protected. Where the mortgagor has sold the property it is important to him that the purchaser, if still the owner and in possession of the same, be notified of the intended sale, for he has an in-

terest to protect, and may be under obligation to pay the mortgage debt for the protection of the mortgagor. And clearly the latter may insist that the failure to serve the notice is a substantial violation of the statutory requirement in this respect.

2. Plaintiff further contends, conceding the invalidity of the foreclosure, that defendants are not entitled to the relief granted, namely, the extinguishment of the balance due on the mortgage debt as represented by the notes in suit, for the reason that there was no evidence on the trial of the value of the property. Plaintiff cites in support of the point Powell v. Gagnon, 52 Minn. 232, 53 N. W. 1148, and Cushing v. Seymour, Sabin & Co. 30 Minn. 301, 15 N. W. 249. The point is not sustained. It appears from the record that plaintiff bid in the property at the sale for the sum of $150. Thereafter he sold a part of it to a third person for $500. This amounted to a wrongful conversion of the mortgaged property. And as the amount so received exceeds the total amount due on the mortgage, defendants are entitled to credit therefor. It was not necessary therefore to prove the value of the property. The case would be different if plaintiff still held the property and had sold no part thereof, or for the part sold had not received enough to satisfy the mortgage debt.

This covers all the assignments necessary to be considered. The questions decided dispose of the case on the merits and all others become immaterial. The Zipperman mortgage is not a factor in the case. It was not pleaded by plaintiff in avoidance of the defense or otherwise, and whether the foreclosure thereof in any way affected rights arising under plaintiff's mortgage, the first in time, is not involved. It was properly ignored by the court in making its findings.

Order affirmed.