TRUDELL, RESPONDENT, *v.* HINGHAM STATE BANK,
APPELLANT.

(No. 4,735.)

(Submitted March 10, 1922. Decided March 27, 1922.)

[205 Pac. 667.]

*Conversion—Chattel Mortgages—Foreclosure—Sale of Property—When Void—Statute—Strict Construction.*

Chattel Mortgages — Sale of Property — Statutory Requirements — Strict Compliance Necessary.
   1.   The requirements of section 8286, Revised Codes of 1921, under which a mortgagee of chattels may have the same sold on default of the mortgagor in execution of the power granted to him by the terms of the mortgage, must be strictly complied with; otherwise jurisdiction to make it is absent and the sale does not divest the mortgagor of title.

Same—Sale of Property—When Void.
   2.   Where the notice of sale of chattel mortgaged property stated that sale of a portion of it would be had on a certain hour at a given place, and sale of another portion at a different place and hour; and all of it was sold at one place in violation of the statute and the provisions of the mortgage, the sale was void.

Same—Void Sale of Property—Conversion.
   3.   A mortgagee of personal property who causes the sheriff to sell it in disregard of the statutory provisions and those contained in the mortgage giving him that power is guilty of conversion, entitling the mortgagor to damages.

*Appeals from the District Court of Hill County; Frank E. Carleton, Judge.*

ACTION by Clarence W. Trudell against the Hingham State Bank of Hingham. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Affirmed.

*Mr. H. S. Kline, Mr. C. B. Elwell* and *Mr. P. M. Rigg,* for Appellant, submitted a brief; *Mr. Elwell* argued the cause orally.

We contend that irregularities complained of do not void the sale, where the sale is conducted openly, fairly and without any taint of dishonesty, and where the power contained in the mortgage was fairly executed. If there had been any

attempt on the part of the defendant to keep the sale a secret, suppress bidding or discourage prospective buyers, it would have been a different matter.   But everyone who responded to the regularly posted notices was given an opportunity to bid on all the property in question.   (*Manwaring v. Jenison,* 61 Mich. 899, 27 N. W. 899.)

The main contention of the respondent is that the sale was irregular and void because of the fact that part of the property advertised was not in sight.   We will agree that the policy of the law is that the property to be sold should be in sight, but there is a reason for this policy, and we contend that if the reason for the rule has not been violated, then the rule itself has not been violated.   The reason of the rule is unquestionably that the prospective bidders may see the property, know what they are bidding on, and that the full value of the property may be realized.   (C. J. 709, sec. 510; *Bowdoin* v. *Bedsole,* 199 Ala. 648, 75 South. 167.)   In this case the reason of the rule was not violated, but, on the contrary, was complied with.   The evidence showed plainly that all of the prospective bidders, who were present at the time the sale was advertised to take place, had full opportunity to view and thoroughly examine the property to be sold, and were in a position to judge the fair value of the property and make an intelligent bid on the same.   None of the express provisions of the statute were violated, and the sale was a fair and open one, and in accordance with the provisions of the mortgage itself.

*Mr. Victor R. Griggs,* for Respondent, submitted a brief and argued the cause orally.

Counsel for appellant contends that inasmuch as the sale was conducted openly, fairly and without any show of dishonesty, that the irregularity connected therewith does not void the sale.   Whether or not the mortgagee must comply strictly with the terms of the chattel mortgage, relative to the foreclosure and the statutes authorizing foreclosure of chattel

mortgages, has not been passed upon by this court, so far as we can determine, nor has appellant cited any decision of this court touching upon that point. However, other courts have held that there must be a strict compliance with the statutes, and it is our contention that there is every reason why the mortgagee should be held to a strict compliance with the statutes in this state. (See *Jankowitz* v. *Kaplan,* 138 Minn. 452, 165 N. W. 275, citing *Powell* v. *Hardy,* 89 Minn. 229, 94 N. W. 682; *Casey* v. *McIntyre,* 45 Minn. 531, 48 N. W. 402; *Whitehead* v. *Coyle,* 1 Ind. App. 450, 27 N. E. 716; *Bendel* v. *Crystal Ice Co.,* 82 Cal. 199, 22 Pac. 1112; see, also, *Swank* v. *Elwert,* 55 Or. 487, 105 Pac. 901.)

In the following cases the sales did not conform to the statutes or the provisions of the chattel mortgage, and for that reason the sales were held illegal and void and the mortgagee held liable for a conversion of the property: *Marchand* v. *Ronaghan,* 9 Idaho, 95, 72 Pac. 731; *National Bank of Commerce* v. *Jackson* (Okl.), 170 Pac. 474; *Richter* v. *Buchanan,* 48 Wash. 32, 92 Pac. 782; *Burton* v. *Randall,* 4 Kan. App. 593, 46 Pac. 326; *Kellogg* v. *Malick,* 125 Wis. 239, 103 N. W. 1116; *Springer* v. *Jenkins,* 47 Or. 502, 84 Pac. 479.

MR. JUSTICE GALEN delivered the opinion of the court.

In this case the plaintiff seeks to recover $3,000 as damages from the defendant for the alleged conversion of a gas tractor, John Deere plow, and separator. It appears that the plaintiff as the owner of such property, on or about July 12, 1917, mortgaged the same to the defendant as security for indebtedness, and on April 9, 1919, the plaintiff being in default in payments due on his debt, the defendant caused the property to be sold by the sheriff under the terms of the mortgage. The plaintiff contends that the sale was irregular, in that part of the property, at the time of sale, was in one place and part in another; that it was not in sight at the time of the sale, and was not sold at the place designated in the

published notice of sale; and that because thereof the sale was void and amounted to a conversion of the property.

After issue joined, the case was tried to a jury and resulted in a verdict and judgment in favor of plaintiff for the sum of $468.54 and costs. The appeal is from the judgment and order denying defendant's motion for a new trial.

Though several errors are assigned, in our opinion the questions presented determinative of this case are: Was the sale legal, and, if not, did the sale thereof constitute a conversion?

The mortgage was given as security for an indebtedness to the defendant of $460 represented by two promissory notes. The power of sale contained in the mortgage provides: "But in case default be made in payment of the principal or interest as provided in said promissory notes, then the said mortgagee, his [its] agent, attorney or assigns are, or the sheriff of any county in which the above-described property or any part thereof may be, is hereby empowered and authorized to sell the said goods and chattels, with all and every of the appurtenances, or any part thereof, and out of the money arising from such sale to retain the said principal and interest together with the costs and charges of making such sale, and reasonable attorney's fee, and the overplus, if any there be, shall be paid by the party making such sale to the said mortgagor, heirs or assigns. The sale under the said power of sale shall be advertised by notice posted in five public places in said county, one of which shall be posted at the designated place of sale at least five days prior to such sale, giving the time and place of sale and a description of the property to be sold. Such sale must be at public sale and the mortgagee may become a purchaser thereat." These provisions of the mortgage are in conformity with section 8286, Revised Codes of 1921, reading in part as follows: "It is lawful for the mortgagor of personal property to insert in his mortgage a clause authorizing the sheriff of the county in which said property, or any part thereof, may be,

to execute the power of sale therein granted to the mortgagee, his legal representative and assigns, in which case the sheriff of such county, at the time of default, at the request of the mortgagee, must, and it is hereby made his duty to advertise and sell the whole or any part of the mortgaged property, wherever it may be, in the manner provided in such mortgage. * * * Notice of sale shall be given by posting five notices in five public places in the county wherein the property is to be sold, one of which shall be posted at the designated place of sale.''

Notices of the sale were posted as shown by the sheriff's affidavit of posting, as follows: ''One at Telephone Pole in Twp. 32—12. One at Post in Twp. 33 Rge. 11. One at Sec. 6 Twp. 32, Rg. 12. One at Post in Twp. 33 Rge. 11. One at Sec. 13, Twp. 33 Rge. 11, being the designated place of sale.'' The notice so posted reads, in part, as follows:

''And whereas, there is now due and unpaid on said in-
[1, 2] debtedness to the said mortgagee, the sum of five hundred sixty dollars ($560.00):

''Now therefore, the property described in said mortgage, to-wit, one 25 horse Mpls. gas tractor, one 6 bottom John Deere plow, one Mpls. 32—56 separator, or so much thereof as may be necessary, will be sold pursuant to the power of sale in said mortgage contained, which has become operative, and to the statute in such case made and provided at public sale to the highest bidder for cash on the 9th day of April, 1919, the said tractor and plow at 1 o'clock P. M. of said day at the farm house situated on the S½ of section 13, township 33 N. of range 11 E., Hill county, Montana, and the said separator at 2 o'clock P. M. said day at the farm situated on the NW.¼ of section 6, township 32 N. of range 12 E., Hill county, Montana, * * * to satisfy the debt secured by said mortgage and the cost and expenses of whatever nature, of these foreclosure proceedings.''

It is noted that this notice differs from the one included in the sheriff's return of sale, in that the property described

in the latter notice bears date April 9, 1919, and fixes as the time and place of sale "the ninth day of April, 1919 at *2 o'clock P. M.* of said day at Sec. 6, Twp. 32, Rge. 12, Sec. 13, Twp. 33, range 11, Hill county." But as no question is raised on this discrepancy, it will be passed, and our decision will be based on the notice appearing to have been posted as above set forth, wherein it was stated that the sale of the property would be held "on the 9th day of April, 1919, the said tractor and plow *at 1 o'clock P. M.* of said day   *   *   * and the said separator *at 2 o'clock P. M.* of said day." There is no dispute as to the facts that the tractor, plow and separator were all sold together, at the place where the separator was located on section 6, at 2 o'clock, April 9, 1919; that no sale nor offer of sale was made where the tractor and plow were located; and that at the time of the sale the tractor and plow were far removed from the place of sale, and not in view.

The affidavit of posting of the notices of sale, as shown by the sheriff's return, designates section 13 as the place of sale; whereas, the sale was held, as shown by the sheriff's return, and in fact, on section 6, three and a half miles from the place of sale as designated by the sheriff.

Under the most liberal interpretation, neither the law nor the terms of the mortgage were even substantially complied with. Both the statute and the mortgage require that, on foreclosure under power granted in the mortgage, notice shall be given by posting in five public places, *one of which shall be posted at the designated place of sale.* It clearly appears that but one place of sale was intended. However, should circumstances require a sale of mortgaged property in more places than one, the sales must be held at the times and the places specified and in conformity with the law and the provisions of the mortgage. Manifestly, a sale of all of the mortgaged property on section 6, when the designated place of sale was section 13, part of the property being on both of these sections, and a sale noticed at both places, and the

sale made in bulk in but one of the places noticed, is so irregular that it cannot be upheld on any theory.

Statutory requirements intended to protect and enforce the mortgage lien must be strictly followed. (*First Nat. Bank of Butte* v. *Beley,* 32 Mont. 291, 80 Pac. 256), especially where a right of sale is based thereon (11 Cyc. 705). Such a summary statutory remedy must be strictly construed and followed by the mortgagee, otherwise he cannot divest the mort-[3] gagor of title to his property. It is jurisdictional, and, where the mortgagee disposes of the property mortgaged without complying with the requirements of the law or the provisions of the mortgage, he is guilty of a conversion. (*Advance Thresher Co.* v. *Doak,* 36 Okl. 532, 129 Pac. 736; *National Bank of Commerce* v. *Jackson* (Okl.), 170 Pac. 474; *Marchand* v. *Ronaghan,* 9 Idaho, 95, 72 Pac. 731; *Richter* v. *Buchanan,* 48 Wash. 32, 92 Pac. 782; *Burton* v. *Randall,* 4 Kan. App. 593, 46 Pac. 326; *Kellogg* v. *Malick,* 125 Wis. 239, 4 Ann. Cas. 893, 103 N. W. 1116, 1120; *Jankowitz* v. *Kaplan,* 138 Minn. 452, 165 N. W. 275; *Swank* v. *Elwert,* 55 Or. 487, 105 Pac. 901; *Burton* v. *Randall,* 4 Kan. App. 593, 46 Pac. 326; *Anderson* v. *Joseph,* 95 Ark. 573, 130 S. W. 165; *Hoover* v. *Brookshier,* 32 Okl. 298, 122 Pac. 171.)

The mortgagor is properly entitled to damages for a sale of mortgaged property otherwise than that prescribed by law and the terms of the mortgage agreement. (*Clark* v. *Baker,* 6 Mont. 153, 9 Pac. 911.)

In this case the irregular sale amounted to a conversion, and the plaintiff was justly entitled to recover. The case of *Potter* v. *Lohse,* 31 Mont. 91, 77 Pac. 419, cited and relied upon by the defendant, is not applicable.

The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES COOPER and HOLLOWAY, and HONORABLE H. H. EWING, District Judge, sitting in place of MR. JUSTICE REYNOLDS, disqualified, concur.