## W. H. HOWERY v. H. I. HOOVER, Appellant.

**Conversion:** EXPENSES IN CARING FOR MORTGAGED PROPERTY. Where, in an action for conversion, the mortgagee does not claim that he was in possession for foreclosure purposes, expenses incurred by him in the care of the property, cannot be allowed in his favor.

CONVERSION BY MORTGAGEE. That a chattel mortgagee took possession of the mortgaged chattels, under a provision of the mortgage, authorizing him to take possession whenever he chooses, and to sell at public auction, does not relieve him from liability, as for conversion, where he refuses to proceed under the mortgage, and sells and otherwise treats the property as his own.

SAME. The provision of a chattel mortgage that the mortgagee may take possession and sell whenever he shall desire, does not relieve the mortgagee of liability, as for a conversion of the mortgaged chattels, where he takes them upon a false claim that the mortgagor has turned them over in payment of the mortgage debt.

DAMAGES. The value of mortgaged chattels, as the basis of recovery by the mortgagor, for the conversion thereof by the mortgagee, is the value when taken by the latter, where the evidence shows that he claimed the absolute ownership thereof from the time they were taken, although he was authorized by the mortgage to take possession whenever he chose, and to sell at public auction.

*Appeal from Warren District Court.*—HON. J. H. HENDERSON, Judge.

THURSDAY, APRIL 9, 1896.

ACTION at law to recover for the alleged conversion of personal property. There was a trial by jury, and a verdict and judgment for the plaintiff. The defendant appeals.—*Affirmed.*

*McGarry & Brown* for appellant.

*Dewell & Parrish* for appellee.

ROBINSON, J.—In November, 1889, the plaintiff made two promissory notes, each of which was for the sum of eighty-eight dollars, due on the second day of November, 1890, with interest at the rate of ten per cent. per annum. One was made payable to the defendant, and the other to David Howery. To secure the payment of the notes, the plaintiff executed to the payees a chattel mortgage on two horses, a wagon and one set of double harness. The mortgage was duly recorded. At a subsequent time, Howery transferred his interest in the note made to him and in the mortgage, to the defendant. On the seventeenth day of November, 1890, the notes not having been paid, the defendant took possession of the mortgaged property, at the same time delivering to the plaintiff the notes and mortgage, and, a month later, a satisfaction of the mortgage, signed by both mortgagees, was entered of record. The plaintiff alleges that the defendant has converted the property taken to his own use, and demands judgment for its value, after deducting therefrom the amount due on the promissory notes. The defendant denies the alleged conversion, and avers that the property was delivered to him under a verbal agreement with the plaintiff in full payment of the notes; also that he took, and now holds possession of the mortgaged property by virtue of a stipulation in the mortgage, a copy of which is as follows: "And I, the said W. H. Howery, do hereby covenant and agree with the said H. I. Hoover and David Howery that in case of default made in payment of the above mentioned promissory notes, * * * or whenever the said mortgagee, or his assigns, shall choose to do so, then, and in that case, it shall be lawful for the said mortgagee, or his assigns, by himself or agent, to take immediate possession of said goods and chattels wherever found,

*   *   *   and to sell the same at public auction, or so
much thereof as shall be sufficient to pay the amount
due, or to become due, as the case may be, with all
reasonable costs and attorney's fees pertaining to the
taking, keeping, and advertising, and selling of said
property." The defendant also claims that he has
fed hay and corn to the horses, and performed labor
in caring for them, to the value of fifty-five dollars.
The answer contained other matters in defense, but,
as nothing is claimed for them in argument, they will
not be further considered. The jury returned a ver-
dict for the plaintiff for thirty-eight dollars and five
cents, and judgment was rendered in his favor for that
amount. The judgment entry, as set out in the
abstract, seems to show that the plaintiff recovered
judgment against the defendant for the further sum
of "one hundred and sixty dollars and thirty cents,
and costs," but, as nothing in the record justifies such
a judgment, and as nothing is claimed for it in argu-
ment, we assume that there is a clerical error in the
record submitted, and that the amount last stated was
for costs.

I. At the close of the evidence for the plaintiff,
the defendant filed a motion for a verdict in his favor.
The motion was based on several grounds, which
were, in substance, that the evidence showed that the
defendant was entitled to the possession of the prop-
erty in controversy, when the action was commenced,
and that he was not liable for a conversion of it.
The motion was overruled, and of that ruling
the defendant complains. His theory appears
to be, that it was his right, under the stipula-
tion set out, to take possession of the mortgaged
property, and that, having taken possession of it right-
fully, he cannot be held liable as for a conversion of
it. This might have been true, had he taken posses-
sion under the mortgage, and then proceeded to

foreclose, according to its provisions. But the evidence introduced by the plaintiff tended to show, that after the defendant took possession of the property, he treated it as his own, without any attempt to fore-. close the mortgage. That he had no right to do, unless under an agreement which superseded the mortgage. In the absence of such an agreement, his acts were evidence of a conversion; and, as no agreement of the kind was admitted by the plaintiff, nor shown by his evidence, the district court properly refused to direct a verdict for the defendant.

II. The court charged the jury as follows: "The defendant, if liable at all, can only be liable for the conversion of the property to his own use. The defendant, under the chattel mortgage, had the right to take possession of the property described therein, and, if the debt had matured, had the right to sell the same in accordance with the law and the terms of said mortgage. He did not have the right to take possession of the property under his chattel mortgage, and, having obtained possession thereof, convert the same to his own use, and deprive the plaintiff of any interest in said property, or the proceeds or value thereof in excess of the amount due on the notes and mortgage; and if you find from the evidence that defendant did take possession of said property, and that without a sale of said property under the mortgage, as provided by the law and terms thereof, he converted the same to his own use, claimed and exercised acts of ownership thereof, sold a portion, retained the proceeds, and holds the balance thereof as his own property, and denies the right of plaintiff to said property, or any interest therein, then he is held to have converted the property to his own use, and is liable to the plaintiff for the difference in value of the property included in the mortgage and taken by him, and the amount of the indebtedness that was due and owing on the said notes

and mortgage, provided said value is in excess of the amount due on the notes and mortgage. The taking of said property under an agreement to and surrender of the said notes and mortgage in payment thereof to the plaintiff, would not be such a taking and holding of said property as would constitute a conversion thereof." The defendant sets out in his argument portions of this paragraph, and criticises it upon various grounds. The first of these is that it stated that the mere holding of the property without a sale, would be a conversion of it. The paragraph does not contain that statement in words nor in substance. It recites acts which it states would amount to a conversion. But it is said that, if possession was taken under the mortgage, the acts enumerated are not sufficient to constitute a conversion. We are of the opinion, however, that they are. The fact that the defendant may have taken possession of the property rightfully, would not protect him from liability for refusing to proceed under the mortgage, and selling and otherwise treating the property as his own. It is further urged against the paragraph set out, that the sale of a portion of the property for less than the debt, or its actual value, if fraudulent, would only transfer to the vendee the right of the mortgagee under the mortgage. The plaintiff was not bound to follow the property, even if wrongfully sold, but had the right to treat it as converted by the defendant to his own use, and hold him responsible for the conversion.

III. The jury were instructed that, in case it found for the plaintiff, it should fix the amount of his recovery on the basis of the value of the property when it was taken by the defendant. It is insisted that the rule thus given is erroneous, because the defendant had the right to take the property under the mortgage, and could not have sold

it on the day it was taken. The evidence shows that he claimed the absolute ownership of the property from the time it was taken, and the jury were properly instructed to compute the value of it as of that date.

IV. Complaint is made because the defendant was not permitted to show the value of what he had fed to the team. There was no error in that respect. The defendant relied in the trial upon an alleged agreement by which the property was taken in satisfaction of a mortgage debt. He did not claim by his evidence that he held the property for the purpose of foreclosing the mortgage, and the value of the hay and grain he had fed the horses, and of the care he had bestowed upon the property, was wholly immaterial. We find no cause for disturbing the judgment of the district court, and it is AFFIRMED.