Decided at PENDLETON, 13 August, 1898.

**LOMAX *v.* WALK.**

[54 Pac. 199]

CHATTEL MORTGAGE—ACCOUNTING.—A chattel mortgagee whose mortgage authorizes him to take possession of the mortgaged property at any time he deems himself insecure who takes possession of the same before the maturity of the note secured by the mortgage, must account therefor at the value of such property when he takes possession.

From Union : STEPHEN A. LOWELL, Judge.

Suit by Leroy Lomax against G. M. Walk, in which it was decreed that there were equal mutual accounts between the parties and that each party should pay his own costs. Plaintiff appeals.

REVERSED.

For appellant there was a brief over the name of *Finn & Ivanhoe*, with an oral argument by *Mr. F. S. Ivanhoe.*

For respondent there was a brief over the name of *Baker & Baker*, with an oral argument by *Mr. J. F. Baker.*

33 OR.— 25.

Mr. Justice Bean delivered the opinion.

This is a suit for the dissolution of an alleged partnership, and for an accounting. A statement of the facts sufficiently full and clear to exhibit the questions presented on this appeal is that on July 3, 1893, the plaintiff and defendant being equal owners of a band of about 2,500 head of sheep, the plaintiff mortgaged his interest therein to the defendant to secure the payment of a promissory note for $2,650, due eleven months after date. The mortgage provides that, if the defendant " at any time deem himself insecure," it shall be lawful for him to take possession of the property therein described, " and the same to sell and dispose of at public or private sale, as he may see fit, and out of the proceeds arising from such sale to retain and pay " the amount due on such promissory note, the costs and expenses and reasonable charges for making such sale, together with a reasonable attorney's fee, and the overplus, if any, pay over to the plaintiff. On September 3, 1893, the defendant, under the provisions of the mortgage, took possession of the plaintiff's interest in the band of sheep referred to and retained possession thereof until the maturity of the note, some nine months thereafter, when he proceeded to advertise and sell the mortgaged property at public sale in the manner provided for the sale of personal property on execution. At the time he took possession, in September, 1893, the property covered by the mortgage was worth, according to the unchallenged findings of the referee, the sum of $3,287, but before the maturity of the note, and before the sale thereof, the sheep market had so depreciated that it brought at such sale only $2,800 ; and the sole question on this appeal is whether the defendant should account to the plaintiff for the value of the mortgaged property at the time he took

possession, or at the date of the sale, less the cost and expense of keeping the property in the meantime.

The validity of the mortgage, and the right of the defendant to take possession of the mortgaged property before the maturity of the note, are conceded by the plaintiff. His sole contention is that defendant, having exercised the right given him, and taken possession of the property, ought to have sold and disposed of it within a reasonable time thereafter, and, not having done do, he must account for its value at the time of the taking. The rule upon this subject, as gathered from the authorities, seems to be that a mortgagee of personal property of a perishable nature, or the value of which is liable to fluctuate in the market, who takes possession under the terms of his mortgage, must sell and dispose of the property in the manner authorized by law for a foreclosure of such mortgage within a reasonable time thereafter, or he will be liable for its value at the time he took it into his possession: Jones on Chattel Mortgages, § 773; 2 Cobbey on Chattel Mortgages, § 988; *In re Haake,* 2 Sawy. 231, Fed. Cas. No. 5,883; *Lee* v. *Fox,* 113 Ind. 98 (14 N. E. 889); *Waite* v. *Dennison,* 51 Ill. 319; *Howery* v. *Hoover,* 97 Iowa, 581 (66 N. W. 772); *Whittemore* v. *Fisher,* 132 Ill. 243 (24 N. E. 636). And in our opinion it is of no consequence, under the terms of a mortgage like the one in hand, that he takes possession before the maturity of the note. If he exercises a right given him by the mortgage, and takes possession before the note becomes due, he is bound to exercise the same degree of diligence in selling and disposing of the property as if the note had matured. The mortgage does not authorize him to take and retain possession until the maturity of the note, and then, when perhaps the property has depreciated in value by use or age, sell it, and demand of the mortgagor payment of the deficiency.

His right to take possession is for the purpose of fore-closing his mortgage by selling and applying the pro-ceeds of the property to the payment of his debt. And when he takes such possession he must proceed diligently to foreclose, or he will be required to account to the mortgagor for the value of the property taken.

It follows from these views that the court below was in error in holding that defendant was not obliged to ac-count for the value of the mortgaged property at the time he took possession, but only for the amount received therefor at the sale·made in 1894, less the cost and ex-pense of caring for the same. And, as the correctness of the other items going to make up the account as stated by the referee is not controverted on this appeal, the de-cree of the court below will be reversed, and a decree entered here in accordance with the report and recom-mendations of the referee; the plaintiff to recover his costs upon the appeal.

REVERSED.

Decided at PENDLETON, 13 August, 1898.