## LEVI B. HANSON v. JOSEPH E. SKOGMAN.

Opinion filed October 2, 1905.

**Counterclaim — Conversion by Mortgagee.**

1. Under subdivision 1, section 5274, Rev. Codes 1899, which authorizes a defendant to counterclaim upon "a cause of action arising out of the * * * transaction set forth in the complaint as the foundation of the plaintiff's claim or connected with the subject of the action," a mortgagor of chattels may counterclaim for their conversion by the mortgagee when sued upon the note secured by the mortgage.

**Same — Judgment Upon Counterclaim.**

2. Where, in such case, the value of the property converted does not exceed the amount of the mortgage debt, an affirmative judgment upon the counterclaim cannot be sustained.

**Refusal of Mortgagee to Return the Mortgaged Property in His Possession, or Foreclose, Is Conversion.**

3. The finding of a jury of a conversion is not without support in the evidence, when it appears that the mortgagee, after taking possession of the property, refused to return it to the mortgagor or to foreclose his mortgage, and used the property as his own.

Appeal from District Court, Ransom county; *Lauder, J.*

Action by Levi B. Hanson against Joseph E. Skogman. Judgment for defendant, and plaintiff appeals.

Reversed.

*Charles S. Ego* and *Guy C. H. Corliss,* for appellant.

The tort was not connected with the subject of the action so as to make it the subject of a counterclaim. Braithwaite v. Akin, 3 N. D. 365, 56 N. W. 133; section 5274, subdivision 1, Rev. Codes 1899.

The property was turned over to the plaintiff as security in the nature of a pledge, with the condition that he might sell, if he could get enough to pay the debts secured, and plaintiff was not to be accountable for the use, nor defendant for the keep, of the horses. Defendant must comply with the conditions of the pledge if he would get possession, or sue in equity for a redemption. Plaintiff has the right to sue on the note and still retain possession of the horses. Wilson v. Burhans, 71 N. W. 879.

*Rourke, Kvello & Adams,* for respondent.

That a counterclaim has been filed in an action in which it is not permissible is not a statutory ground for demurrer; it must be met by a motion to strike out or by objection to evidence under it. Howlett v. Dilts, 30 N. E. 313.

Conversion of horses, for which a note was given, and for the judgment of which they were pledged, was a proper subject of counterclaim in a suit on the note. Ainsworth v. Bowen, 9 Wis. 348; Rush v. First Nat. Bank, 71 Fed. 102, 17 C. C. A. 627; Hyman v. Jockey Club Co., 48 Pac. 671; Paxton v. Vincennes Mfg. Co., 60 N. E. Rep. 583; First Nat. Bank v. O'Connell et al., 51 N. W. Rep. 163.

A statute authorizing counterclaims should be liberally construed. First National Bank v. Parker, 28 Wash. 234, 92 Am. St. Rep. 828, 68 Pac. 756.

The defendant's counterclaim was "connected with the subject of the action," and proper. Gordon v. Bruner, 49 Mo. 570; Vilas v. Mason, 25 Wis. 310; Smith v. Fife, 2 Neb. 10; Goebel v. Hough, 26 Minn. 252; Littleman v. Coulter, 7 N. Y. Supp. 1; First Nat. Bank v. Parker, 28 Wash. 234, 92 A. S. R. 828.

A motion for a new trial is not available procedure to reach defects in pleading. Ross v. Wait et al., 51 N. W. 866; Mason et al. v. Austin, 46 Cal. 385; Jacks v. Buell, 47 Cal. 162; Spelling, New Trial & App., vol. 1, section 6.

YOUNG, J. Action upon a promissory note for $135, dated May 20, 1902, and due October 1, 1902, with interest at the rate of 12 per cent per annum. The note was given by defendant to one Banish in payment for two horses, and was transferred to the plaintiff in due course. The answer consists of three paragraphs. The first admits the execution and transfer of the note and its non-payment, and alleges that at the maturity of the note the defendant delivered the horses purchased into the possession of the plaintiff, upon an agreement that he might keep and use them until the spring of 1903, at which time the defendant might again have them by paying his note in cash or delivering bankable paper; that he has not been able to make said payment; that plaintiff still retains possession of the horses, and has refused and still refuses to surrender the same to the defendant—by reason of which facts he alleges that "the original contract of purchase and sale of said horses has been wholly canceled and rescinded." In the second paragraph the defendant alleges as a counterclaim, among

other things, that he executed a mortgage upon the horses purchased to secure the note in suit; that the plaintiff wrongfully took possession of said horses and converted them to his own use, and that the value of the use is $1.50 per day or $500 in the aggregate. The third paragraph, also pleaded by way of counterclaim, in its allegations does not differ from, and is a mere repetition of, the preceding paragraph, except that it makes no reference to the mortgage and alleges the value of the horses to have been $150. Both paragraphs allege that the plaintiff converted the horses. The answer concludes with a prayer for the return of the horses, and demands damages for their detention, or, in case a delivery cannot be had, for "$150, the value thereof, besides the sum of $500 for their wrongful detention, for costs and disbursements, and further relief." The plaintiff demurred to the second and third defenses and counterclaims upon the ground that the "pretended counterclaims do not arise from either of the causes or sources enumerated in section 5274, Revised Codes." The demurrer was overruled. A trial was had to a jury, and a verdict was returned for defendant for $85. Plaintiff moved for a new trial upon a statement of the case, which motion was denied, and judgment was entered on the verdict. Plaintiff has appealed from the order denying his motion for a new trial and also from the judgment.

It is urged that the court erred in overruling the demurrer. In our opinion no error was committed. The second paragraph of the answer alleged, in substance, that the note in suit was secured by a chattel mortgage upon the horses for which the note was given, and that the plaintiff converted the horses so mortgaged to his own use. This states a cause of action in defendant's favor and one which we think may be asserted as a counterclaim in the action upon the note under subdivision 1, section 5274, Revised Codes 1899, which authorizes the defendant to counterclaim upon "a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim or connected with the subject of the action." Courts and text writers have expended much time and learning in attempting to define the meaning of the word "transaction" and of the phrase "subject of action," as used in this statute, which is common to many states, and, it must be confessed, without marked success. Bliss on Code Pleading, section 371, in referring to this provision, says: "Three classes of counterclaims are here provided for: First, a demand existing in favor of the defendant and against the plaintiff, which arises

out of the contract upon which the plaintiff has based his action; second, a demand so existing, which arises out of the transaction —a broader term than contract—upon which the plaintiff has based his action; and, third, a demand so existing which need not necessarily arise out of either the contract or the transaction involved in the action, but is sufficient if it is connected with the subject of the action." The "transaction" upon which the plaintiff's action is based included the chattel mortgage as well as the note. The obligations and liabilities of the parties arise out of that transaction. It is sufficient to say that under the settled construction of this statute the defendant's cause of action for the conversion of the mortgaged property was a proper subject of counterclaim under either the second or the third grounds; i. e., because it arose out of the "transaction," or because it was "connected with the subject of the action." McHard v. Williams, 8 S. D. 381, 66 N. W. 930, 59 Am. St. Rep. 766; Ainsworth v. Bowen, 9 Wis. 348; Hyman v. Jockey, etc. (Col. App.) 48 Pac. 671; Rush v. Bank, 71 Fed. 102, 17 C. C. A. 627; Bank v. O'Connell (Iowa) 51 N. W. 162, 35 Am. St. Rep. 313; Streeper v. Thompson (Tex. Civ. App.) 23 S. W. 326. See, also, Bliss on Code Pleading, sections 372 to 377 and cases cited.

Counsel for appellant rely upon Braithwaite v. Akin, 3 N. D. 365, 56 N. W. 133, to sustain the broad contention that a cause of action for conversion cannot be set up as a counterclaim in an action upon a contract. The case, as we read it, does not so hold. The court merely held that the cause of action for conversion attempted to be set up in that case "had no connection, however slight," with the transaction upon which suit was brought. The answer in this case is not a model pleading. The first paragraph states no defense, and the prayer is for relief not legally possible, in view of the counterclaim for conversion set up in the second and third paragraphs. The point of the demurrer, however, that the facts set up in these paragraphs do not constitute a counterclaim under the statute was not well taken, and the demurrer was therefore properly overruled.

It was contended, in support of the motion for a new trial, that there is no evidence of a conversion, and that the verdict for defendant is in this respect without support. The record does not sustain this contention. There is evidence that after the spring of 1903 the plaintiff used the property as his own. This was without right or authority. Under his agreement with the defendant he

could use the horses until the spring of 1903 without incurring any liability. After that time his rights were merely those of a mortgagee in possession after default, with power to forclose in the manner provided by law. His use of the property was inconsistent with the rights of the mortgagor, and it cannot be said as a matter of law, upon the record, that the jury was not warranted in finding that the plaintiff had converted the horses by using them. As to what unauthorized use of property will amount to a conversion, see 28 Am. & Eng. Enc. Law (2d Ed.) p. 695, and cases cited. Also Howry v. Hoover, 97 Iowa, 581, 66 N. W. 772. The other errors specified and urged as ground for a new trial are without merit, and do not require consideration.

However, there is error upon the face of the judgment roll which requires a reversal. The defendant has a verdict and judgment for $85. This is based upon the plaintiff's conversion of the mortgaged property. The answer admits that the note secured by the mortgage is wholly unpaid. With interest to the date of the conversion it amounted to about $150. The horses converted are alleged to have been of the value of $150. In other words, the value of the horses converted did not exceed the amount of the mortgage debt. The defendant therefore sustained no loss. There is, then, no legal ground upon which a verdict and judgment for any sum can rest. As to the rule of damages, see Lovejoy v. Bank, 5 N. D. 623, 67 N. W. 956, and section 4695, Rev. Codes 1899. Upon this state of facts a new trial is not necessary.

The district court will set aside the judgment appealed from and enter judgment for defendant, with costs of the district court. Plaintiff will recover his costs upon appeal.

All concur.