H. A. WETMORE, Appellant, v. G. F. WOOSTER, Appellee.

No. 40754.

JUNE 20, 1931.

REHEARING DENIED OCTOBER 5, 1931.

Baron & Bolton, for appellant.

Prichard & Prichard, for appellee.

KINDIG, J.—In May, 1924, the defendant-appellee, G. F. Wooster, purchased from the plaintiff-appellant, H. A. Wetmore, a tractor and a "two bottom Oliver Plow" for the agreed sum of $1,033.55. Of that amount, appellee paid appellant $403.55 in cash. The remaining $630 of the purchase price under the contract became a deferred payment, evidenced by two promissory notes, dated May 6, 1924, of $315 each. These notes were secured by a chattel mortgage on the tractor and plow. One note was due on January 1, 1925, and the other, one year later. Appellee did not pay the notes when due, and appellant took possession of the mortgaged property under the mortgage, and retained the same for a period of about four years.

Then on July 25, 1929, appellant commenced the present action to obtain judgment against appellee on the two notes, and foreclose the chattel mortgage. Two defenses were interposed by appellee. They were: First, breach of warranty and fraud; and, second, conversion. It is claimed by appellee that the tractor would not work, that the material therein was deficient, that the motor would not pull the plow, and that the machinery was not as represented. This, appellee says, was contrary to the warranty. Furthermore, appellee declares that appellant took the mortgaged property into his possession under the terms of the mortgage, but contrary thereto, kept the same without foreclosure or sale for a period of more than four years, and thereby converted the chattels. For the breach of warranty and fraud, appellee asks $630, and for the conversion of the tractor he demands $403.55. No judgment is asked in the counterclaim for the conversion of the plow. Nor is there anything in the record to show the value of the plow at the time the same was retaken by appellant under the mortgage.

By way of reply, appellant admits that he took the plow and tractor after appellee's default, but suggests that such possession was obtained under the mortgage, and that no conversion resulted.

I. Attention is first directed to the alleged breach of

warranty and fraud. Is appellee entitled to damages because thereof? After reviewing the facts, we conclude that he is not.

Before appellee purchased the plow and tractor, he demanded a demonstration. Accordingly appellant, in appellee's presence, demonstrated the plow and tractor. A neighbor of appellee's had a similar tractor, and the latter had observed its operation. Apparently appellee's observations of the neighbor's tractor and appellant's demonstration of the tractor in question induced the former to purchase the machinery named in the mortgage. During the first year, appellee successfully operated the tractor and plow. Concerning this there is no dispute.

On December 30, 1924, appellee wrote appellant as follows:

"I am writing this to inform you that I will be unable to pay my note ($315.00) due you the 1st of January, 1925. Poor seed corn, that wouldn't grow good after it did come up, was my trouble. The poorest corn crop I ever imagined a person could grow after all the work I put in on it. One thing, I had the consolation of having plowed deep enough (with the plow and tractor in question) so that the ground didn't start washing until I had the corn harrowed in twice. Your (appellant's) tractor will sure get over the hills, and still do the business with what's hooked behind it. I have 25 head of fall pigs, and when they go to market, I want to take that note up, if it will be O.K. with you then."

Although appellee had used the plow and tractor a season when the letter was written, it is apparent that the machinery worked satisfactorily up to that time. That year appellee plowed 80 acres of land, disked 70, and "put in some small grain."

In order to overhaul the machine, as is customary each year, appellee took the tractor to a local blacksmith at Oto. Thereafter appellee discovered that the machine was not getting oil. Upon this discovery appellee put into the tractor six quarts of oil at one time. Expert machinists testified that the pistons and bearings were worn because of insufficient oil. Many witnesses testified for appellee, but none of them said that the tractor did not properly work the first year appellee owned it, nor do these witnesses know the cause of the defects about which they testified.

The tractor was of the standard type which appellant had

been selling to customers for many years. Appellee's machine worked satisfactorily and properly at least during the first year. No defects were discovered until appellee found that the machine was not properly oiled. Extension was asked on the note due January 1, 1925, and the same was granted. Throughout that period, appellee had ample opportunity to observe the machine and demonstrate its efficiency. Without any complaint, he continued using it until such time as the appellant insisted that the notes be paid.

Under the record, therefore, it is manifest that there was no breach of warranty or misrepresentation on appellant's part. Consequently, appellee is entitled to no damages because of this portion of the cross-petition.

■ II. Some time in August, 1925, appellant took possession of the property named in the mortgage. Hence, about four years intervened before the present foreclosure action was commenced. Because of the long delay, appellee contends that a conversion arose. A different expression of appellee's idea would be to say that under the mortgage possession could be taken by appellant for the purpose of sale only.

But appellant did not sell after receiving possession under the mortgage, and consequently he converted the tractor. For some reason, no conversion is claimed or defense interposed so far as the plow is concerned. The value of the tractor at the time converted, according to the cross-petition, was $403.55. That is the credit demanded by appellee because of the conversion. Nothing, therefore, is asked as a credit or pleaded as a defense because the plow was converted. Is appellee, then, entitled to credit for the converted tractor? Appellant declares that he is not for the reason that under the statute the former was authorized to take possession of the tractor and hold it until the foreclosure proceeding. Section 10014 of the 1927 Code provides:

"*In the absence of stipulations in the mortgage* (the italics are ours), the mortgagee of personal property is entitled to the possession thereof, but the title shall remain in the mortgagor until divested by sale as provided by law."

By virtue of that legislation, appellant insists that he is entitled to take the mortgaged property at any time and retain it

during the period of limitations, or until foreclosure. What the result might be were the parties here governed by the above named statute alone, we do not now decide. Within the mortgage is a paragraph containing these provisions:

"And I, (appellee) the said G. F. Wooster do hereby covenant and agree to and with the said H. A. Wetmore (appellant) that in case of default made in the payment of the above mentioned promissory notes (now in suit) or in case of my attempting to dispose of or remove from said county of Woodbury, the aforesaid goods and chattels (those covered by the mortgage) or any part thereof, or whenever the said mortgagee shall choose so to do, then and in that case it shall be lawful for said mortgagee or his assigns, by himself or agent to take immediate possession of said goods and chattels wherever found, the possession of these presents being his sufficient authority therefor, *and to sell the same* (the italics are ours) at public auction or private sale at the option of the mortgagee; or so much thereof as shall be sufficient to pay the amount due, or to become due, as the case may be, with all reasonable costs, etc."

These conditions in the mortgage constitute "stipulations" within the purview of Section 10014, supra. When specifically specifying the express terms under which appellant could take possession of the mortgaged property before foreclosure, the parties eliminated his right to possess the same under any other circumstances. Were that not true, there would be no need for the quoted provisions in the mortgage. As a result of the quoted portion of the mortgage, there is no "absence of stipulations," as contemplated by Section 10014, supra. Such stipulations in the mortgage fixing the conditions under which the mortgagee may take possession of the mortgaged property constitute a binding contract between the parties. Similar contracts have been enforced against mortgagees upon many occasions. Johnston & Son v. Robuck, 104 Iowa 523; Howery v. Hoover, 97 Iowa 581; Colby v. Kimball Co., 99 Iowa 321. See Richardson v. Coffman, 87 Iowa 121; Robinson v. Gray, 90 Iowa 699. The parties in the case at bar, in the manner and way aforesaid, having, through express contract, named the conditions under which the mortgagee could take possession of the mortgaged property, a conversion arose if the latter otherwise

obtained, and exercised dominion over, the same. This thought was expressed in Howery v. Hoover, (97 Iowa 581), supra, reading on page 584 in this way:

"But the evidence introduced by the plaintiff tended to show, that after the defendant took possession of the property, he treated it as his own, without any attempt to foreclose the mortgage. That he had no right to do, unless under an agreement which superseded the mortgage. In the absence of such an agreement, his acts were evidence of a conversion; and, as no agreement of the kind was admitted by the plaintiff, nor shown by his evidence, the district court properly refused to direct a verdict for the defendant."

Here, in the case before us, appellant took possession of the tractor under the mortgage on the theory that appellee was in default. According to the italicized portion of the excerpt taken from the mortgage, appellant's possession could only be for the purpose of sale under the mortgage. In other words, the parties stipulated that appellee should have possession of the mortgaged property until one of the conditions named arose. If such condition happened, then appellant could take possession of the property for the purpose named in the mortgage. That purpose was to sell within a reasonable time. "Possession" and "sale", as used in the mortgage, are so connected as to be inseparable. See Howery v. Hoover, supra. Upon taking the mortgaged property, appellant stored the same in a yard without cover or protection and left it there during winters and summers for a period of approximately four years. Thereby appellant treated the property as his own because he had no right under the mortgage to do anything with it except according to the terms of the mortgage. A sale of the property under the mortgage within a reasonable time was imperative. Four years was not a reasonable time under the circumstances. There is no justification shown in the record for the delay. Therefore, by ignoring the sale provision of the mortgage, the appellant "treated" the mortgaged property "as his own." No attempt at foreclosure or sale was made until four years later. Clearly, then, under the authorities cited, a conversion arose; and appellee is entitled to have a set-off against the obligation due under the notes, in the amount of $403.55 and interest, for according to the entire

record, the tractor, when taken by appellant in the manner and way aforesaid, was worth at least that amount.

III. Nevertheless, as before indicated, appellee does not ask an allowance for, or interpose a defense on the theory of, the conversion of the plow. There is no prayer for general equitable relief, so far as shown by the abstract. Whether a prayer for set-off under the circumstances is necessary, we do not now decide because appellee has expressly limited the relief asked to the conversion of the tractor. Under the theory of appellee's answer, the conversion of the plow is not interposed as a defense. So, without a sufficient pleading, we cannot allow appellee relief for the conversion of the plow.

When subtracting, however, the principal amount allowed on the tractor from the original obligation, the balance is $226.45. Appellant is entitled to judgment against the appellee for this remaining principal sum, together with interest thereon for the time and at the rate named in the note. Also appellant should have interest on the other sum named in Division II, before the conversion. Likewise, appellant should have the chattel mortgage foreclosed on the plow in order that such security may be applied on the indebtedness still due. To this extent the judgment and decree of the district court should be modified. Appellee shall pay one-third of the costs and the appellant two-thirds thereof.

As thus modified, the judgment and decree of the district court should be, and hereby is, affirmed.—Modified and Affirmed.

ALBERT, C. J., and EVANS, MORLING, and GRIMM, JJ., concur.