[File No. 6434.]

JOHN HOVLAND, Appellant, v. FARMERS UNION ELEVA-TOR COMPANY, a Domestic Corporation, Respondent.

(269 N. W. 842.)

Opinion filed November 13, 1936.

*Acker & Shafer,* for appellant.

*Libby & Harris* and *Henry Leum,* for respondent.

MORRIS, J. This is an action for the conversion of 684.9 bushels of wheat which were stolen from the plaintiff and sold and delivered by the thieves to the defendant, whose manager purchased the grain without knowing that it was stolen. The theft and sale took place during the last part of December, 1932, and the first part of January, 1933, the delivery being made by one Moe. On May 14, 1934, the defendant delivered to plaintiff's attorney a statement of grain that had been hauled by Moe, being the grain which is involved in this

action. On September 5, 1934, the plaintiff served upon the defendant a demand to settle for the grain "by making restitution of the grain above described, or grain of like kind and quantity or of paying therefor at the current market price" with which demand the defendant refused to comply. The plaintiff promptly thereafter instituted this action and demanded judgment of the defendant for the value of the wheat as of the date of the demand. The wheat was worth about thirty cents a bushel when it was delivered to the elevator, and $1.03 a bushel when the demand was made. The trial court instructed the jury in effect that if it found that the defendant had converted the plaintiff's wheat that it should determine the value thereof on the date or dates of the purchase by the defendant, and that such value would represent the damages to which the plaintiff is entitled. The plaintiff contends that this is error and that the damage to which he is entitled should be measured by the value of the wheat as of the date of demand.

The measure of damages for the conversion of personal property is its value at the time of conversion, with interest thereon from that time, or if the action has been prosecuted with reasonable diligence, the highest market value between the time of conversion and the verdict without interest at the option of the injured party, and a fair compensation for the time and money properly expended in the pursuit of the property. Section 7168, Compiled Laws of 1913, First State Bank v. Osborne-McMillan Elevator Co. 53 N. D. 551, 207 N. W. 37; Lamoreaux v. Randall, 53 N. D. 697, 208 N. W. 104, 44 A.L.R. 1315.

The determination of this law suit depends upon when the conversion took place. The fact that a demand was made does not necessarily establish that conversion took place when the demand was refused. Demand and refusal do not constitute conversion, but proof thereof is merely evidence of conversion. More v. Western Grain Co. 31 N. D. 369, 153 N. W. 976; Rolette State Bank v. Minnekota Elevator Co. 50 N. D. 141, 195 N. W. 6; State ex rel. Hermann v. Farmers Elevator Co. 59 N. D. 679, 231 N. W. 725.

It is well settled that an innocent purchaser can obtain no title to personal property from a thief, for the thief has no title and has nothing to convey. A person who purchases property from the pos-

sessor thereof without ascertaining whether he has title thereto, makes the purchase at his peril and may be sued in conversion by the true owner. By taking possession of the property as the owner, the purchaser thereby exercises dominion and control over it inconsistent with and in denial of the rights of the owner, even though he acts in good faith. Good faith cannot be shown as a matter of defense in an action for conversion. Clapp v. Johnson, 186 Wash. 327, 57 P. (2d) 1235. It is the effect of the act of assuming dominion and control over the property under claim of ownership rather than the intent with which it is done that constitutes the conversion. Bowers Law of Conversion, § 345. An early New Hampshire case, Hyde v. Noble, 13 N. H. 494, 38 Am. Dec. 508, lays down the rule that applies in most jurisdictions outside of New York. In that case, which was an action for the conversion of lumber, the court said: "The purchase by the defendants, taking possession as they appear to have done, and holding it as their own property, was a conversion. They received the possession from one who had no authority to deliver it to them, under a sale which purported to vest the property in them; and they, by the purchase, undertook to control it as their own property. This was an assumption of power over it, inconsistent with the rights of the plaintiff. Purchasing the property from one who had no right to sell, and holding it to their own use, is a direct act of conversion, without any demand or refusal. Their possession was unlawful in its inception, by reason of the want of authority in Kenniston to make the transfer." In the case of Rosum v. Hodges, 1 S. D. 308, 47 N. W. 140, 9 L.R.A. 817, the facts disclose that Rosum was the owner of certain flaxseed in his granary on his farm. During his absence a hired man hauled the flax to the defendant's elevator, sold it and absconded with the proceeds. The plaintiff sued in conversion without making a demand. The court considers the New York rule holding that such demand is necessary as set out in Gillet v. Roberts, 57 N. Y. 28, and rejects it. After reviewing a number of cases the South Dakota court says: "The wrongful taker had no rightful possession against the true owner, and he could convey none to another. In this case the respondent was deprived of the possession of his property by the tortious, if not felonious, act of Gerde, and appellants' claim to the same comes through such tortious taking. The taking did not deprive

respondent of his right in and to the property so taken, neither could its sale by the wrongful taker. It remained the absolute property of respondent, as much after as before the sale. The possession of appellants being wrongful as against respondent, the true owner, no previous demand was necessary before bringing suit for the property or its value." In the recent case of Briscoe v. Pool, 50 Ga. App. 147, 177 S. E. 346, the court considered the liability of an innocent purchaser for the value of stolen cotton and approved of instructions of the trial court to the effect that the plaintiff was entitled to recover the market value of the cotton on the date of its purchase by the innocent purchaser, regardless of whether he had sold the cotton before he was notified that it was stolen.

In the case before us we have a unique situation in which the elevator company contends that it converted the wheat when it bought it, while the plaintiff asserts that conversion did not take place until demand was made which was one year and eight months after the sale. If a demand is necessary to establish conversion the plaintiff's contention is correct. On the other hand, if conversion took place when the purchase was made, the demand was superfluous and the plaintiff is only entitled to damages based upon the price as of the date of purchase. Both the better reasoning and the weight of authority support the rule that even though a purchaser be innocent, if he buys stolen property and asserts dominion over it as an owner, he thereby converts it and an action may be maintained against him by the true owner without demand. This rule is supported, in addition to the cases we have discussed, by the following: Velsian v. Lewis, 15 Or. 539, 16 P. 631, 3 Am. St. Rep. 184; Omaha & G. Smelting & Ref. Co. v. Tabor, 13 Colo. 41, 21 P. 925, 5 L.R.A. 236, 16 Am. St. Rep. 185; Freeman v. Underwood, 66 Me. 229; Farley v. Lincoln, 51 N. H. 577, 12 Am. Rep. 182; Stanley v. Gaylord, 1 Cush. 536, 48 Am. Dec. 643.

Affirmed.

BURKE, Ch. J., and NUESSLE, BURR and CHRISTIANSON, JJ., concur.