[File No. 6527.]

MAURICE PETERSON, Respondent, v. OTTO WOLFF, Appellant.

(280 N. W. 187.)

Opinion filed June 4, 1938.

*G. R. Brainard* (*C. H. Starke,* on oral argument), for appellant.

*Floyd B. Sperry,* for respondent.

MORRIS, J.   This case comes to us for a trial de novo upon an appeal by the defendant from a judgment for the foreclosure of a chattel mortgage.   The court entered judgment for the amount found due on the note secured by the mortgage and adjudged that the plaintiff be entitled to the possession of all of the property described in the chattel mortgage, and that the same be sold by the sheriff pursuant to law, and the proceeds applied upon the debt and that in event there be a deficiency that the plaintiff have judgment against the defendant therefor.

The appellant made a motion for a new trial in the court below in which he challenged the sufficiency of the evidence.   The trial court denied the motion and in its memorandum opinion reviewed the evi-

dence and held it to be sufficient to sustain the judgment. The appellant sought to appeal from both the judgment and from the order denying his motion for a new trial. The notice of appeal was not filed within sixty days from the entry of the order as required by §§ 7820 and 7821, N. D. Comp. Laws 1913. The respondent challenges the validity of the appeal from the order and moves for its dismissal on the ground that the notice of appeal was filed too late. The respondent's position upon this point is well taken and the appeal from the order is dismissed.

The respondent next urges that no valid appeal being taken from the order denying the motion for a new trial, that the order denying the motion is conclusive as to all matters passed upon by the trial court in denying the motion except errors appearing upon the judgment roll, and cites, Hedderich v. Hedderich, 18 N. D. 488, 123 N. W. 276, and Blackstead v. Kent, 63 N. D. 246, 247 N. W. 607. He argues that on the appeal from the judgment alone we cannot review the sufficiency of the evidence. In this the respondent is mistaken. The appellant has demanded a trial de novo in this court. The statement of the case and the specifications of error are sufficient to justify such trial. The motion for a new trial in the court below was not necessary in order to permit this court to review the evidence. State ex rel. Board of Railroad Comrs. v. Burt State Bank, 66 N. D. 529, 267 N. W. 337; State ex rel. Berndt v. Templeton, 21 N. D. 470, 130 N. W. 1009; chapter 208, N. D. Session Laws 1933. The fact that a motion for new trial was made and denied by the trial court does not limit the scope of review upon a trial de novo in the Supreme Court upon appeal from the judgment. The question of the sufficiency of the evidence is properly before us.

The record discloses that the property described in the chattel mortgage may for the purposes of the consideration of this case be divided into three classes. First, household goods which were destroyed by fire without the fault of either the mortgagor or the mortgagee, and which were not in existence at the time of the trial. Second, property described in the mortgage not shown to have come into the possession of the plaintiff or to have been destroyed and described as follows: 1 galvanized water tank; 28 logs; 10 tons Lignite coal; 100 blocks of log wood; 1 large cross-cut saw; 1 buck saw; 2 pair ice tongs; 1 scythe;

1 snow scoop; 1 shovel; 2 axes; 75 lbs. Gold Dust; 1 Ford Light Delivery Truck No. 4513126. Third, a number of items consisting of the major portion of the equipment used by the defendant in operating a butcher shop and which the plaintiff took into his possession in March 1933. The complaint described all of the property set forth in the mortgage including that which was burned, that which was unaccounted for, and that which came into the possession of the plaintiff. The defendant in his answer alleges that the plaintiff "converted the above described property to his own use and benefit to the damage to the defendant in the sum of $4510.75.

"That as a result of such conversion of the property described in the plaintiff's complaint, the said plaintiff has lost his lien by virtue of the mortgage which he seeks to foreclose."

We will first consider whether or not the plaintiff converted the butcher shop equipment that came into his possession and the effect upon the mortgage lien.

The defendant at one time owned both the building and the butcher shop equipment. In January 1933, the plaintiff obtained a sheriff's deed to the lots and building. At that time the defendant was operating the shop and the plaintiff's son, Harold Peterson, was assisting the defendant. The following March, Harold Peterson took over the operation of the shop for his father, and shortly thereafter the defendant left. The evidence is in dispute concerning the circumstances under which the defendant left the shop. He contends that he was forced out by the Petersons. They assert that he became discouraged because the shop was not making money and was heavily encumbered, and that he took his coat, some small tools such as steel and saws, and walked out. The evidence is undisputed, however, that the plaintiff took exclusive possession of the butcher shop and all of the equipment in it at that time. The son testified that after the defendant walked out, he put a new lock on the shop so that the defendant could not get in. The plaintiff's son continued to operate the shop for the plaintiff, who furnished only some small tools, such as knives and saws. The plaintiff ceased to operate the shop in June 1934. He later rented the building for use as a grocery store, which is now being operated therein. Much of the equipment is still in the building. The Stimpson scale, cash register, adding machine, and stove are being used by the

present tenants with the permission of the plaintiff. The plaintiff took the refrigerator apart and moved it into the ice house on the back of the lot. An ice box is stored in a shed back of the main building. All of the shop equipment is still on the premises except a cleaver which someone borrowed and failed to return, and an ice chute which was accidentally broken and destroyed. The plaintiff took 137 fence posts out to his farm, whether for use or storage, the record does not disclose. Other fence posts are described in the mortgage. The plaintiff testified that these were sold and did not come into his possession. By whom they were sold or what became of the proceeds does not appear.

The testimony is in direct conflict as to whether the defendant demanded possession of the property after he walked out of the shop. The plaintiff testifies that about three months after the defendant left the shop, he came out to the plaintiff's farm in the company of two other men and asked for possession of the property, and the plaintiff told him he could have it, and that he should store it in a good place and take out insurance on it. The men who were with him advised him to leave the property where it was, and he decided to do so. The defendant, on the other hand, testified that on the occasion referred to, he demanded the property and the plaintiff refused to give it to him. He also testified that he never gave the plaintiff authority to take and use the equipment.

It also appears that since 1933 the property has been assessed for taxes in the plaintiff's name, although the plaintiff denies that he ever listed the property with the assessor.

In this state a chattel mortgage does not vest title in the mortgagee either upon the execution of the instrument or upon default. The title of the mortgagor is divested only by foreclosure in the manner prescribed by statute. Foreclosure may be by action, or, if the mortgage contains a power of sale, it may be by advertisement. N. D. Comp. Laws 1913, §§ 8123 et seq. In this case although the mortgage contains a power of sale, foreclosure is sought by action. Section 6721, N. D. Comp. Laws 1913, provides that conversion by a person holding a lien on personal property extinguishes the lien on the property converted. Thus it develops that if the plaintiff converted the property on which he held the chattel mortgage, his mortgage lien was extinguished by such conversion, and he cannot foreclose.

The defendant asserts that the plaintiff converted the property when he took possession of it in March 1933. A careful reading of the record does not bear out this contention. The plaintiff had previously acquired title to and the right to the possession of the building in which the shop was being operated. He also had a chattel mortgage on the equipment which was in default. It is not clear under just what circumstances or agreement the plaintiff's son took over the management of the shop, but it does appear that after this occurred, the defendant continued to work in the shop for at least several days. The shop was not a financial success. In answer to a question by the trial judge why the defendant left the shop, he said, "I couldn't receive no wages and Mr. Peterson's boy can't make any money to run that shop." Defendant also testified that when he left he said nothing about the equipment. The plaintiff had a right to the possession of the equipment under the terms of the chattel mortgage. The evidence fails to show that he obtained possession in a manner which constituted a conversion of the property.

The defendant further asserts that even though a conversion did not occur when possession of the property was taken, that the plaintiff's acts in keeping the property without foreclosure, using it in the operation of the butcher shop and later in renting the building and permitting the tenant to use a part of the equipment, does constitute a conversion.

The use of the property alone may not be sufficient to establish a conversion, for there is evidence in the record from which it may be inferred that the defendant acquiesced in such use, at least for a time. He worked in the shop several days after the plaintiff's son assumed management and control. His main concern, at that time, seemed to be that he couldn't make any wages. There are, however, other and subsequent acts on the part of the plaintiff in which the defendant clearly did not acquiesce. The plaintiff gave permission to his tenant to use several of the most valuable items of the equipment in connection with the operation of a grocery store. This use was continued up to the time of trial. The refrigerator was dismantled and stored in the ice house. The ice box was removed to a shed in the rear of the building. A cleaver was loaned and lost, and the ice chute was destroyed.

The plaintiff took possession in March 1933. This action was not

commenced until September 1936. The plaintiff remained in posses-, sion of the property for approximately three and a half years without instituting foreclosure proceedings. If foreclosure is by advertise- ment, sale must be had within thirty days after the seizure of the prop- erty unless the sale is postponed. N. D. Comp. Laws 1913, § 8127. Hedrick v. Stockgrower's Credit Corp. 64 N. D. 101, 250 N. W. 539. The statute does not specify the time within which foreclosure by ac- tion of a chattel mortgage must be commenced. There are many authorities to the effect that a mortgagee of personal property who takes possession thereof under the terms of his mortgage, must proceed to foreclose without unreasonable delay. Jones, Chattel Mortgages, Bow- ers ed. § 773; Wetmore v. Wooster, 212 Iowa, 1365, 237 N. W. 430; Peet v. People's Trust & Sav. Bank, 56 Cal. App. 46, 204 P. 413; Marseilles Mfg. Co. v. Perry, 62 Neb. 715, 87 N. W. 544; Cartwright v. C. I. T. Corp.. 253 Ky. 690, 70 S. W. (2d) 388; Woods Leasing Co.; v. Funcheon, 134 Cal. App. 111, 25 P. (2d) 47; Southern Missouri Trust Co. v. Crow (Mo. App.) 272 S. W. 1040. It is also generally. held that unreasonable delay in foreclosing after possession has been. taken, makes the mortgagee liable in conversion. This is especially true where he has treated the property as his own. Howery v. Hoover,. 97 Iowa, 581, 66 N. W. 772; Hanson v. Skogman, 14 N. D. 445, 105 N. W. 90; Simpson v. Bantley Realty Co. 142 Mo. App. 490, 126 S. W. 999.

The respondent contends that when appellant appeared at the re- spondent's farm and demanded possession of the property, that he con- sented to leave the respondent in possession, and did not thereafter make a further demand, and that the respondent being lawfully in possession' and no demand having been made, no conversion is established. This court has repeatedly held that proof of demand and refusal is merely evidence of conversion, and that if conversion has actually taken place it may be otherwise shown. Hoveland v. Farmer's Union Elev. Co. 67 N. D. 71, 269 N. W. 842, and cases therein cited. If a conversion is proved to have taken place, a demand is unnecessary. Bower, Conver- sion, § 330; Cooley, Torts, 4th ed. § 335. In this case it appears be- yond question that the scale, cash register, adding machine, and stove were converted by the plaintiff when he turned them over to the pos- session of his tenant and gave permission for the tenant to use them in;

operating the grocery store. Likewise the cleaver was converted by loaning it to someone who failed to return it. These articles were treated by the plaintiff in a manner wholly inconsistent with and in derogation of the defendant's right of ownership.

The remainder of the property was kept by the plaintiff, but it does not appear that he used it after he ceased operating the butcher shop in June 1934. He was, however, a mortgagee in possession by virtue of the mortgage, and it was his legal duty to foreclose either by advertisement within the time prescribed by statute, or by action within a reasonable time. This he clearly failed to do. Such failure constituted a conversion and extinguished his lien on the property converted under the provisions of § 6721, N. D. Comp. Laws 1913, which reads as follows: "The sale of any property on which there is a lien in satisfaction of the claim secured thereby, or in case of personal property its wrongful conversion by the person holding the lien, extinguishes the lien thereon; provided, however, that in an action for the conversion of personal property the defendant may show in mitigation of damages the amount due on any lien to which the plaintiff's rights were subject, and which was held or paid by the defendant or any person under whom he claims."

The defendant asserts that conversion of a substantial portion of the mortgaged property having been shown, the plaintiff must be held to have lost his lien not only upon the property actually converted by him, but upon all of the property described in the mortgage, and that by establishing such conversion the defendant has established a complete defense to plaintiff's action and that same should be dismissed. The statute does not go to the extent to which the defendant contends. It provides for the loss of lien upon converted property. It does not provide for the loss of lien upon property which has not been converted. The effect of the conversion of property by a mortgagee or lienee upon the lien and upon the debt has been the subject of many decisions. The cases, however, are far from being in accord. Whether the conversion of mortgaged property by the mortgagee extinguishes the mortgage debt pro tanto or in toto is considered in the note in 47 A.L.R. 582, in which cases representing a diversity of holdings are cited and discussed. In the case before us the defendant did not seek to prove the value of the property converted and objected when the

plaintiff sought to introduce evidence of such values, and the objection was sustained. He pleads conversion of all of the property as a defense to the action. It appears from the evidence that only a part of the property mortgaged was converted, while some of it was destroyed and some of it remains unaccounted for. We have been unable to find authority directly in point involving statutes similar to ours. We have found no cases which hold that a conversion by the mortgagee of a part of the mortgaged property either satisfies the entire debt or extinguishes the mortgage lien upon property not converted, while a number of cases by their reasoning point to the contrary. In Lee v. Fox, 113 Ind. 98, 14 N. E. 889, it is held that a sale by a mortgagee of a part of the mortgaged property without resort to proper foreclosure proceedings does not waive the mortgagee's right to look to the mortgagor or other securities for any deficiency. In South Carolina the rule prevails that if a mortgagee converts to his own use all the property embraced in a mortgage, and the value of the property is less than the debt, the mortgagee may demand nothing more of the mortgagor. Nevertheless, in Rentz v. Crosby, 108 S. C. 431, 94 S. E. 1053, involving a mortgage on a horse and a mule, the mortgagee converted the horse and the court held that the debt was satisfied only to the extent of the value of the horse. The court said, "It is also settled by opinion that if the mortgage includes several subjects, and the mortgagee shall convert one subject only, then such act of itself will not discharge the mortgage debt."

In Wetmore v. Wooster, 212 Iowa, 1365, 237 N. W. 430, supra, under a chattel mortgage which covered a tractor and a plow, the mortgagee took possession of and converted the tractor. The court allowed a setoff against the debt of the value of the tractor and interest and also found that the mortgagee "should have the chattel mortgage foreclosed on the plow in order that such security may be applied on the indebtedness still due."

We have reached the conclusion that the mortgagee is entitled to a decree of foreclosure upon the property which was not converted. The defendant argues that this property is not shown to be in existence at the present time and that the only property that is shown to exist is the converted property. It is true that the household goods were destroyed by fire. They, of course, cannot be the subject of a foreclosure

decree. A number of other items of property which we have heretofore listed in the second class, are described in the mortgage and are, therefore, presumed to have been in existence at that time. Nothing appears in the record to indicate that they have been destroyed. The plaintiff is entitled to have a judgment directing foreclosure of his mortgage upon such property.

The defendant also urges that it is inequitable that judgment in this action be rendered for the full amount of the debt when a substantial portion of the property securing the debt has been converted by the plaintiff and is now in his possession. The defendant finds himself in this situation by virtue of the position which he adopted in his pleadings and at the trial of the lawsuit. He pleaded conversion of all the property as a defense to the foreclosure and objected to proof of values at the trial. He did not counterclaim for the value of the converted property. His defense failed in that all of the undestroyed property was not shown to have been converted. The question of recovery of the value of the converted property must be left for determination in an action at law which the parties stated both on oral argument and in the briefs is now pending. Judgment must, therefore, be for the full amount of the debt and for foreclosure of the mortgage upon the property not shown to have been destroyed or converted. The case is remanded with the direction that the judgment be modified to conform to this opinion and that no costs be allowed to either party on this appeal.

Remanded.

CHRISTIANSON, Ch. J., and SATHRE, NUESSLE and BURR, JJ., concur.